**FILED**

HC-001

Name: DENNIS ROY PETERSON

Address: P-92157 E2r-D105-4L

Mule Creek State Prison

P.O. BOX 409090

IONE, CA 95640

NOV - 8 2024

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

CDCR or ID Number: P-92157

THIRD APPELLANT DISTRICT COURT

501 I STREET

SACRAMENTO, CA 95814

*(Court)*

PETERSON

Petitioner

v.

THIRD APPELLANT DISTRICT

Respondent COURT

**PETITION FOR WRIT OF HABEAS CORPUS**

No. 2:24-CV-3103 EFB(HC)

*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS—READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction or sentence and are filing this petition in the superior court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the superior court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the superior court, you only need to file the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original of the petition and one set of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and 10 copies of the petition and, if separately bound, an original and 2 copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

Approved by the Judicial Council of California for use under rules 4.551 (as amended January 1, 2024) and 8.380 (as amended January 1, 2020) of the California Rules of Court. Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page 1 of 8

Form Approved for Optional Use
Judicial Council of California
HC-001 [Rev. September 1, 2024]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rules 4.551 and 8.380
www.courts.ca.gov

THIRD APPELLANT DISTRICT
501 I STREET
SACRAMENTO CA 95814

1   Petition to review this case

2   This comes down to the DA pulling a fast one by telling the

3   court my third strike was for a sexually violent crime and a

4   Inoffective Assistance of Counsel, I went back to court for

5   for C67.5(b) and P.C. 1172.75 a invalid sentence. I had two strikes,

6   one in 1975 and one in 1985. They were strikes in 2000 not enhancements

7   At re-sentencing the DA continued to say they were enhancements.

8   The DA took count ten of my second strike 1985 Domestic Violence case

9   and further misleading the court by saying it was what the court in 2000 gave

10  me as my third strike. All to stop me from being re-sentenced under SB-

11  483 and PC 1172.75. The DA even went to extremes and told the court he

12  wanted to add to my sentence a Habitual Criminal charge to make sure the

13  Judge wouldn't re-sentence me and let me go home after 22 years in

14  Prison for Sales of $40.00 of cocaine a felony which triggered my

15  Third strike. The Judge in that case failed to do his job He did not do

16  any fact finding to see if what the DA presented to him was true or

17  incorrect. Nor did my Public Defender object or do any fact finding.

18  Heres my argument by its plain terms Pen. Code. 1172.75 requires a

19  full re-sentencing not merely that the trial court strike the newly

20  invalid sentence. 1172.75 subd (d)(1) creates a presumption that the

21  re-sentencing shall result in a lesser sentence than the one originally

22  imposed (not have more charges added to my sentence). 1172.75 subd.

23  (d)(3) expressly requires the court to consider post conviction factors

24  including evidence that reflects that circumstances have changed since

25  the original sentencing (which never happened). and 1172.75 subd.

26  (d)(4) guides the trial court in selecting among the lower,

27  middle and upper terms on each count which the DA dis-

28  regarded my 22 years in prison and wanted me to never

I

Page Number

CV-127 (09/09)          PLEADING PAGE FOR A SUBSEQUENT DOCUMENT

1  get out for $40.00 cocaine or any of the 10 years of
2  rehabilation and getting my G.E.D. and 21 units College.
3  Both the DA and the court dismissed every thing 1172.75 stands for
4  why because they can and for my past crimes they want me to keep
5  paying for that are 38 and 49 years ago (today). According to
6  People V. Fritz my strikes were before 1986 yes, I just made it under
7  the wire. So my charges at that time are only strikes not enhancements
8  Thats why Placer county court tried me as a three strikes to give me as much
9  time as they could because I didn't live in there county and now they
10  want to walk it back and say they gave me enhancements (why they screwed us)
11  They didn't give me two five year priors in 2000 or enhancements
12  They gave me two strikes and elected to go with life and sales of
13  cocaine was a felony and triggered my third strike in 2000. Its
14  clear in People V. Fritz. I should be resentenced for invalid 667.5(b)
15  They can give me the upper term it still puts me out of prison because my
16  1975 case is a strike and my 1985 case is a strike. 1172.75 is enhancements
17  which I don't have under People V. Fritz My Sales of cocaine is no longer
18  a felony. My M.E.P.D. was 2021 I worked my sentence down
19  with groups, Education GED and college. I have a few 115 because
20  inmates hate sex offenders and I had to defend myself against hateful
21  inmates Now ineffective Assistance of Counsel. The Public Defender
22  failed to represent me to the fullest He failed to fully inform me of my
23  rights. He sent one note on scratch paper. He did not do what I told
24  him in a letter not to let the DA change my sentence other than 1172.75
25  resentencing to reduce my sentence not enhance it to habitual criminal
26  My Public Defender sided with the DA see transcripts date 2022) He requested
27  a minute order to change my sentence with once so they wouldn't
28  send me back to court for 667.5(b) invalid sentence. because they know

1  it was, and thats why CDCR sent me for re-sentencing. It was a
2  non-violent crime. The minute order made sure I couldn't get out of prison
3  at that time and CDCR wouldn't send me back to court. finally my Public
4  defender failed to do any fact finding at all. he let me down.
5  He just agreed with the DA and wasn't defending me at all. He
6  did not stop there hearing when the DA wanted to add habitual criminal
7  to keep me in prison. He didn't contact me and ask me anything I
8  would of stopped the hearing. I would of told him to bring me to court. I
9  suffered Covid 19 and could not travel at that time. But I expected
10 the Public Defender to fight for me not screw me. So today I pray this court
11 see through the bull clung and puts a stop to Placer County courts
12 screwing over inmate after inmate and in most cases, and
13 puts a stop to them violating my 6th and 14th Admendments.
14 My writ is clear on all the grounds I put forth. Placer Judge Just
15 did what they been doing and said it wasn't clear in order not to agree
16 with me or grant my writ. Judge 24 years is long enough for sales
17 of cocaine. This is novel and unusual Punishment what's being done to
18 me. Im asking this court to over turn Placer County court decision.
19 Grant my writ and let me go home a tage 70 I dont have alot of
20 years left 667.5(h) is a invalid sentence. Throw out the minute order
21 which is illegal and throw out the habitual criminal charge because I went
22 to reduce my sentence not get new charges that haven't been filed or proven by
23 jury or court. Thank you very much and I hope I didn't write to much but
24 this court is my hope to stop the injustice.
25
26                              Sincerely
27                              Dunriskay Robeson
28                              F92157 EB-DIOS-41
                               m c s p
                            3  PO Box 409090
                              Page Number lone CA 95640

CV-127 (09/09)            PLEADING PAGE FOR A SUBSEQUENT DOCUMENT

1

2

3

4

5

6

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF PLACER

OCT 28 2024

JAKE CHATTERS
EXECUTIVE OFFICER & CLERK
By J Ortiz, Deputy

7          SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                  IN AND FOR THE COUNTY OF PLACER

9

10   | In re Petition of Habeas Corpus of,    | Cases: 62-013569A

11   |                                        | ORDER SUMMARILY DENYING

12   | DENNIS ROY PETERSON,                   | PETITIONS FOR WRIT OF HABEAS CORPUS

13   | CDCR# P-92157

14   | Petitioner.

15

16   The petitioner was convicted by a jury on 7/12/2000 of possession of

cocaine for sale in violation of Health and Safety Code § 11351, possession

17   of cocaine in violation of Health and Safety Code § 11350(a), and

18   maintaining a place where controlled substances are sold or used in violation

19   of Health and Safety Code § 11366. The petitioner admitted nine prior strike

20   allegations and a prior prison term allegation. The petitioner was sentenced

21   on 8/25/2000 to 26 years to life in prison. The judgment was affirmed by

22   the court of appeal on 7/9/2001.

23   On 7/29/22, the court held a hearing to determine whether the

24   petitioner's one-year prior prison term enhancement should be dismissed

25   pursuant to Penal Code § 1171.1 (which has been renumbered as Penal

26   Code § 1172.75). At the hearing, the petitioner was represented an

27   attorney from the Placer County Public Defender's Office, Brad Whatcott.

28

- 1 -

1  The People were represented by Placer County Deputy District Attorney
2  Timothy Weerts.

3      The court found that the defendant was not entitled to the relief set
4  forth in Penal Code § 1171.1 (now 1172.75) because that section, by its
5  express terms, does not apply to a prior prison term imposed for a sexually
6  violent offense. The court found that the defendant's prior prison term was
7  for a sexually violent offense.

8      The petitioner filed a petition for writ of habeas corpus on 10/3/22,
9  which alleged that the court erred in denying the petitioner's motion to
10  dismiss a prior prison term pursuant to Penal Code § 1172.75. The petition
11  was summarily denied on 10/14/22.

12      The petitioner filed another petition for writ of habeas corpus on
13  9/6/24. The court finds that the allegations in the petition lack clarity. The
14  grounds for relief in the petition are described, as follows:

15  *"ILLEGAL HEARING. Defendant did not give Public Defender*
16  *total authority to let the court impose an illegal motion/or*
    *minute order and illegal habitual criminal charge not plead or*
17  *tried by a jury/court with Defendant present in court because it*
    *is a felony to give defendant a habitual criminal charge without*
18  *Defendant present. (Due Process)."*
19

20      It is unclear to the court whether the petitioner is referring to the
21  Penal Code § 1172.75 hearing on 7/29/22 or the sentencing hearing on
22  8/25/00. Transcripts from both hearings were attached to the petition.
23  Moreover, the term "illegal habitual criminal charge not plead or tried by a
24  jury/court with Defendant present in court" is unclear to the court.

25      The petitioner bears a heavy burden to first make a prima facie
26  showing by pleading sufficient grounds for relief in the petition for writ of
27  habeas corpus. *Younan v. Caruso* (1996) 51 Cal.App.4th 401, 407; *In re*
28  *Lucas* (2004) 33 Cal.4th 682, 694; *People v. Duvall* (1995) 9 Cal.4th 464,

- 2 -

1 | 474.  The petition should state with particularity the facts on which relief is
2 | sought and include copies of reasonably available documents supporting the
3 | claim.  Vague or conclusory allegations are insufficient.  *In re Swain* (1949)
4 | 34 Cal.2d 300, 304; *Duvall, supra*, at 474-475.

5 |       The court finds that the petition is vague and unclear.  Accordingly, the
6 | court finds that the petitioner has not made a prima facie showing for relief
7 | and the petition is summarily denied.

8 |
9 |
10 | Date: 10/28/24
11 |                              Hon. Jeffrey S. Penney
12 |                              Placer County Superior Court Judge

- 3 -

# SUPERIOUR COURT OF CALIFORNIA
# IN AND FOR THE COUNTY OF PLACER

## CLERK'S CERTIFICATE OF MAILING (C.C.P. §1013a(4))

**Case number: 62-013569A**
**Case name: In Re: Dennis Roy Peterson**

I, the undersigned, certify that I am the clerk of the Superior Court of California, County of Placer, and I am not a party to this case.

I mailed copies of the document(s) indicated below:

### ORDER SUMMARILY DENYING PETITION FOR WRIT OF HABEAS CORPUS

True copies of the documents were mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as follows:

**Placer County District Attorney**
**10810 Justice Center Drive, Suite 240**
**Roseville, CA 95678**

**Placer County Public Defender**
**3785 Placer Corporate Dr., Ste. 550**
**Rocklin, CA 95765**

**Office of the Attorney General**
**Writ Department**
**1300 I Street, Suite 1101**
**PO Box 944255**
**Sacramento, CA 94244-2560**

**Dennis Roy Peterson**
**Mule Creek State Prison**
**P.O. Box 409099**
**Ione, CA 95640**

I am readily familiar with the court's business practices for collecting and processing correspondence for mailing; pursuant to those practices, the documents are delivered to
☒the US Postal Service
☐UPS
☐FedEx
☒Interoffice mail - District Attorney's Office and Public Defender's Office
☐Other (via email)

On October 29, 2024, Placer County, California

Dated: October 29, 2024

JAKE CHATTERS
Clerk of the Placer County Superior Court
By
  J. Perez, Deputy Clerk

HC-001

Name: Dennis Roy Peterson

Address: Mule Creek State Prison
P.O. Box 409090
Ione, CA 95640

CDC or ID Number: P-92157

SUPERIOR COURT OF CALIFORNIA
COUNTY OF PLACER
10820 JUSTICE CENTER DR,
ROSEVILLE, CA 95661
*(Court)*

---

| | |
|---|---|
| DENNIS ROY PETERSON<br>Petitioner<br><br>vs.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA<br>Respondent | **PETITION FOR WRIT OF HABEAS CORPUS**<br><br>No. **62-13569**<br><br>*(To be supplied by the Clerk of the Court)* |

## INSTRUCTIONS—READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the superior court, you only need to file the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original of the petition and one set of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and 10 copies of the petition and, if separately bound, an original and 2 copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

---

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court (as amended effective January 1, 2018). Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Form Approved for Optional Use
Judicial Council of California
HC-001 [Rev. January 1, 2019]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 8.380
www.courts.ca.gov

HC-001

**This petition concerns:**

| | |
|---|---|
| ☐ A conviction | ☐ Parole |
| ☒ A sentence | ☐ Credits |
| ☐ Jail or prison conditions | ☐ Prison discipline |

☐ Other *(specify):* _____

1. Your name: DENNIS ROY PETERSON

2. Where are you incarcerated? MULE CREEK STATE PRISON

3. Why are you in custody? ☒ Criminal conviction    ☐ Civil commitment

*Answer items a through i to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").
   POSS; FOR SXLE OF CONTROL SUBS COCAINE,
   POSS: OF CONT SUBS. COCAINE
   MAIN, PLACE FOR SALE OF CONT, SUBS
   _____

b. Penal or other code sections: HS-11351 - HS-11350 a - HS-11366

c. Name and location of sentencing or committing court:
   SUPERIOR COURT OF CALIFORNIA, COUNTY OF PLACER
   16820 JUSTICE CENTER DR,
   ROSEVILLE, CA 95661

d. Case number: 62-13569

e. Date convicted or committed: Aug 25, 2000 - 7-12-2000 ᴰ/ᶜ

f. Date sentenced: Aug 25, 2000

g. Length of sentence: 25 YEARS TO LIFE

h. When do you expect to be released? _____

i. Were you represented by counsel in the trial court? ☒ Yes    ☐ No    *If yes, state the attorney's name and address:*
   _____
   _____
   _____

4. What was the LAST plea you entered? *(Check one):*
   ☒ Not guilty    ☐ Guilty    ☐ Nolo contendere    ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?
   ☒ Jury    ☐ Judge without a jury    ☐ Submitted on transcript    ☐ Awaiting trial

HC-001

6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "The trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page 4. For additional grounds, make copies of page 4 and number the additional grounds in order.)*

ILLEGAL HEARING Defendant did not give Public Defender total authority to let the court impose an illegal motion/or minute order and illegal habitual criminal charge, not Plead or tried by a Jury/court with Defendant Present in court because it is a felony to give Defendant a Habitual criminal charge with out Defendant Present. (Due Process)

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts on which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel, you must state specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is, *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*.

The trial court did not engage in a fact finding inqury when DA change his sentence to habitual criminal and tell the court his third strike was for a sexual violent crime when the DA took count 10 of his second strike and told the court he was strike-out on it when his count in 2000 never entered that count into record, Nor was Defendant found guilty by Jury on those facts, The DA misrepresented the court only to keep Defendant from being resentenced after 23 yrs in prison on a non-violent illegal sentence because the DA lied to the court, I sent partial transcripts Dated April/10/2000 showing DA used count 10 of second strike and lied to the court on habitual criminal charge.

b. Supporting documents:

Attach declarations, relevant records, transcripts, or other documents supporting your claim. (See *People v. Duvall* (1995) 9 Cal. 4th 464, 474.)

court case partial transcripts only showing sentencing on case 62-013569 Date 0/14/22 and partial transcripts Dated Apr-10-2000 showing counts and page 5 showing DA took count 10 and told court it was my third strike when it was not. case NO 62-0135694 Dated Aug 12,22 court case 62-1356 9A partial transcripts 5-9-22 Abstract of Judgement Dated Aug, 25 2000 - minute order illegal Date 7/29/2 Exhausted Appeal 602 second level Date 6-19-24 A real log 057249? first level Appeal Date 8/8/24

c. Supporting cases, rules, or other authority *(optional)*:

(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)

United States v. Bagley (1985)  Green v. Miller (1982)
Smith v. Philips (1982)  People V. Fritz

7. Ground 2 or Ground __2__ (if applicable):

Prosecutor Misconduct 14th Amendment Prosecutor Misconduct violates U.S. CONST. the prosecutor mistates or mischaracterizes the evidence or refers to facts not in evidence which he did in Defendants case. Any Claim of Prosecutional misconduct must be reviewed with in the contest of the entire trial/Hearing with defendant present in court if any new sentencing is to take place. It is The tourhstone of due process analysis in case of alleged prosecutorial misconduct is the fairness of the trial/Hearing not the compability of the prosecuter or to punish him. But avoidance of an unfair hearing/trial to the accused Defendant.

a. Supporting facts:
I went to court on SB-483/1172.75 resentencing and the DA turned my strikes into enhancements and made a new minute order changing my original sentence into a sentence making me a sexually violent third striker when my third strike was for a Non-violent third strike. The Third Appellate District dated 07/09/2001 stated my third strike was for Sales of Cocaine and clearly my appeal. The language the DA used of pen code (667a) doesn't apply to defendant he was sentenced under P.C.667(b) a illegal sentence. not 667(a) the DA Changed to habitual criminal which is illegal because defendant did not give his Public Defender Remmission to have his sentence changed w/ that present in court or by a Jury. This is excessively cruel and unused punishments for the DA to tell the court Defendants third strike was count #10 of his sprusal case in 1985) his second strike, when Defendant case 62-013569A never sentenced him to what the DA told the court its Plain the DA lied to keep defendant from being resentenced.

b. Supporting documents:
Partial transcripts showing sentencing and (counts) case 62-013569A Date 5-7-22 case No 62-013569A Date Aug. 12-22 — case 62-DU369A Date 5-9-22 Abstract of Judgment Aug. 25, 2000 — minute order Date 7/29/22 —EXHAUSTED APPEAL 602 Date 6-19-24 Appeal Log 0517494 FIRST LEVEL Appeal Date 2/5/24

c. Supporting cases, rules, or other authority: Partial transcripts showing sentencing cour(counts)
(citation) People v. Fayed (2020) People v. Thomas Supra, 51, Cal 4th at R 994 unfair hearing Smith v. Phillips (1982) Case No 62-013569A Date 10/14/22 case No. 62-013569A Date Aug, 12, 22 — case No. 62-013569A Date 5-9-22 Abstract of Judgement Date Aug 25, 2000 illegal minute order Date 7/29/22 EXHAUSTED APPEALS 602 2/5/24 and 6/19/24

7. Ground 2 or Ground _3_ (if applicable):

CALCULATION WORK SHEET Defendant went to court allowing his Public Defender to have him resentenced. But that did not happen. Defendant filed 602 on his Calculation work Sheet dated 2/27/24 it should reflect after 1yr prior was reduced to two strikes and time served but didn't. The resentencing Transcript is illegal date 07/28/2022 and the minute order Placer County Case #6213569 is illegal. Defendant did not allow his public Defender to have any part of his resenting to change other than his illegal third strike 1172 SB483; to be dropped and Defendant resentenced to two strikes because it was before (1956) all his strikes not enhancement with time served. Defendant exhausted his Appeal 6/19/24.

a. Supporting facts:

If le a 602 on my Calculation work Sheet because I believe my SB483 1172.75 and 667(b) would be reversed but my Public Defender mislead me and did not give me correct advice and failed to represent me to the fullest. Instead it looks like he sided with the DA according to the court transcripts dated Aug 12, 2022 Defendant exhausted his Appeal (see Appeal) CDCR Told Defendant he must go to court to fix the illegal problem because they got a illegal minute order falsely saying defendants third strike wasn't for his sales of cocaine when his Abstract of Judgement date Aug 25 2000 doesn't reflect the minute to erale and his court Aug 25 2000 sentence on a non-violent third strike The Third Appellant court confirmed it and The Board of Parole Confirm Defendants third strike was not for a sexual violent Third strike. His Sales of cocaine activted his third strike which is not violent and the DA doesn't have a leg to stand on when he changed my sentence and lied to the court

Supporting documents

See Grounds 1 + 2 They are same supports documents.

b. Supporting documents:

See Grounds 1 + 2 They are same supporting Documents

c. Supporting cases, rules, or other authority:

7. Ground 2 or Ground __4__ ___ (if applicable):

SIXTH Amendment - Ineffective Assistance of counsel failed to properly inform Defendant what the DA was gonna present to the court, He failed to tell defendant He was gonna ask the court to make a new minute order. He failed fact finding Defendants case before the court on 58-483 and 1172.75 under 28 US 2255. Defendant did not give his public Defender authority to have any part of his sentence changed except the illegal 58-483 1172 for resentencing and time served and Defendant released from Prison on the excessive punishment for a plat-vident crime.

a. Supporting facts:

In the 28 US C S 2255 context factual findings are reviewed for clear error and questions of law are reviewed de nova (which defendant never recieved), the question to whether a defendants lawyer Public defenders representation violates his Sixth Amendment right to effective assistance of counsel is a mixed question of law and fact that's reviewed de nove. Defendant allegis his counsel was ineffective not asking the court to review for clear errors what the DA was presenting to the court which was false and illegal According to 28 U.S. C.S and in violation of his Sixth Amendment right to a effective assistance of counsel. Defendants Public Defender sided with the DA for transcripts Dated Aug 12, 2022. He failed to properly advise me of my rights to come to court and to file of appeal. I never talked to him on the phone not hip to see my letters which if I had told I I word of filed a appeal. I thought he would file it. so I have strong Justification why I did not appeal this case. I did not trust the court DA. A writ is my only option to clear up this case to recieve a new hearing and new Public defender or court appointed attorney because I don't feel the Public defenders office will be fair after what he did to me. California Criminal law Manual (CEB) 5 37.1 A (b) under this section Subdivision (b) of section 973 a defendant petitioning for resentencing may have his appearance in court provided that the accusatory pleading is not amended at the resentencing and NO new trial or retrial of the individual will occur. That is what happen to defendant. The DA made a minute order making defendant a habitual criminal and the DA added a Sexually violent charge to his Aug 25 2022 conviction which was Non-violent a not a part of his Aug 25, 2022 court case.

b. Supporting documents:

Campu Sano v. United States (2006) Evitts V. Lucey (1985)
People v. Vivar supra II cal 5th at page 529
People V. Hardy (2021)    People V. Fritz all strikes before 1986

SUPPORTING Documents
See GROUNDS 1+2    They are the Same facts

c. Supporting cases, rules, or other authority:

Campu sano v. united States (2006) Evitls v. Lucey (1985)
People V. Vivar Supra 11 cal 5th at pg 529
People V- Hardy (2021)
People V. Fritz all strikes before 1986 no enhancements

HC-001

7. Ground 2 or Ground __5__ *(if applicable):*

WRIT OF Heabus corpus on Hearing held on 7/29/22 Defendant has strong Justification why he did not file a appeal because the court did not do any fact finding on what the DA told the court, Defendants Public Defender was Ineffective, Defendant never gave authority to change his Sentence to substial criminal and to make a new minute order. Defendant only give Public Defender authority to have deferred-it resentenced under 5B-483 apel/172.75 which he dont note Public Defender did not do any fact find or into the DA using count 10 of his second strike, Any change in sentencing defendant should of been in court, Defendant feels the court went not give him a fair hearing so court to fike to get a correct hearing and sentence.

a.  Supporting facts:

my two strikes were committed before may 6, 1936 this abrogates the holding in people v. Fritz Defendants two strikes were in 1975 and 1935. The three strike law is not a enhancement when I was sentence in 2000 my court gave me two strikes and sales of cocaine was a felony and activated my third strike, not what the DA told the court where he used count 10 of my second strike to decieve the court no fact finding was done by the court, no fact finding was done by my Public Defender, So I think strong Justification not to use this court because it did not get a fair hearing and the DA is corrupt trying to the court. This is why I did not file a Appeal, Bot This court can now fix this by bringing me back to court and resentencing me correctly under 3B-453 and 117275 for the illegal sentence I have and claiming the habytual criminal charge the DA told the court where he used count 10 to decieve the court into thinking my third strike was for a sexally voilent crime when no where is any transcripts or shit once was I ever sentence to my third strike by Jury for that Please fix this I should get Putive damages awarded by this court for the time the DA's caused me to stay in prison for the illegal sentence he charged by lying to the court and keeping me in jail.

b.  Supporting documents:

see Grounds one and two for supporting documents They are all the same

c.  Supporting cases, rules, or other authority:

People V. Fritz          People v. Killion (2024)

HC-001

7. Ground 2 or Ground __6__ *(if applicable):*
SB-483 and 1172.75 Resentencing the DA gave the court false information.
The judge denied me 1172.75 without fact finding, without Defendant in court when any felony is
brought up in court where the Defendant must be Present, the defenduts Public Defender failed to advise him on
every thing the DA and he was telling the court. Defendant told Public Defender not to let the DA use anyother
Charges or cases that wasn't resentencing on SB-483 1172.75, which his Public defender failed and asked with
the DA see transcripts Date Aug 5, 2022. The Public Defender shld have stop the hearing and contacted
Defendant when the DA told the court to change hisSentence to habetted criminal to keep him in prison(alive)

a. Supporting facts:
I was Denied SB-483 resentencing because the DA mislead the court and told them my third
strike was for a sexually violent crime "NO" Sales of cocaine "DRUGS" was a felony and it activated
my third strike. All my strikes were before 1986 For the purpose of enhancements of a sentence under
667 People v. Fritz "ANY" sentence for crimes committed on or after May 6 1986 This abrogates
the holding in People v. Fritz that 'All my crimes were committed before 1986, I had two strikes not
enhancements So the DA falsey told the court I had enhancements when they were two
strikes. Therefore I qualify for 1172.75 SB-483 resentencing and should be compensated for
having to stay in prison against my will. The court never did any fact finding and you can see by
the transcripts Date Aug 5, 2022 The judge just said "OK" read it to me and ill Put in the
record (Paraphuse) I got a unfair deal with a Public Defender who never did any fact finding
or talked to me on the phone he sent one note on scratch paper ask him to see my letter
it says Don't let the DA try to enter anything facts into the hearing other than resentencing.
ꟾ (Paraphuse)ꟾ

b. Supporting documents:
See GROUNDS 1+2 They are sume Documents

Please forgive Handwriting writing I have carpet tunnel Both hands and the
snakes.

c. Supporting cases, rules, or other authority:
People v. Fritz
Transcripts Date Aug 5 2022

HC-001

8. Did you appeal from the conviction, sentence, or commitment? ☒ Yes ☐ No   If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Division of Superior Court"):
Superior Court of California, County of Placer

b. Result: Denied   c. Date of decision: 10/14/22

d. Case number or citation of opinion, if known: 62-013569A

e. Issues raised: (1) Ineffective Assistance of counsel

(2) illegal sentence lup Prior Resentencing

(3) illegal Motions + Habitual CRiminal Charge illegal

f. Were you represented by counsel on appeal? ☐ Yes ☒ No   If yes, state the attorney's name and address, if known:

9. Did you seek review in the California Supreme Court? ☐ Yes ☐ No   If yes, give the following information:

a. Result: _____   b. Date of decision: _____

c. Case number or citation of opinion, if known: _____

d. Issues raised: (1) _____

(2) _____

(3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal (see *In re Dixon* (1953) 41 Cal.2d 756, 759):
I have strong Justification of Ineffective Assistance of counsel, prosecution misconduct and trial Judge not Fact finding into my case and allowing DA to present false evidence to his court Changing my Sentence after I withhle in court I mistrust this court so a writ must be filed.

11. Administrative review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Dexter* (1979) 25 Cal.3d 921, 925.) Explain what administrative review you sought or explain why you did not seek such review:
SEE 602 EXHAUSTED

b. Did you seek the highest level of administrative review available? ☒ Yes ☐ No
*Attach documents that show you have exhausted your administrative remedies. (See* People v. Duvall *(1995) 9 Cal.4th 464, 474.)*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court, including this court? (See *In re Clark* (1993) 5 Cal.4th 750, 767–769 and *In re Miller* (1941) 17 Cal.2d 734, 735.)
☐ Yes If yes, continue with number 13.   ☒ No If no, skip to number 15.

HC-001

13 a. (1) Name of court: _____

(2) Nature of proceeding (for example, "habeas corpus petition"): _____

(3) Issues raised: (a) _____

(b) _____

(4) Result (attach order or explain why unavailable): _____

(5) Date of decision: _____

b. (1) Name of court: _____

(2) Nature of proceeding: _____

(3) Issues raised: (a) _____

(b) _____

(4) Result (attach order or explain why unavailable): _____

(5) Date of decision: _____

c. *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____
_____
_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Robbins* (1998) 18 Cal.4th 770, 780.)

I had two Back surgerys, partialy paralyed left leg and hands, fighting cancer stage IV. I did not trust the court when they let DA enhance my sentence to habitual criminal when I went for a illegal sentence which should have charged other then resentencing to the strikes time served under SB-483

16. Are you presently represented by counsel? ☐ Yes ☐ No    If yes, state the attorney's name and address, if known:

_____
_____

17. Do you have any petition, appeal, or other matter pending in any court?    ☐ Yes ☐ No    If yes, explain:

_____
_____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:
I file a writ to lower court that failed to follow the law, my sixth and 14th Amendments have been violated. This court will follow the law and I'm hopefull I will be resentence and go home after 25 years on a non-violent crime (Sales of cocaine).

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 11-4-24

▶ _Dennis Roy Peterson_
(SIGNATURE OF PETITIONER)

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ] [ Save this form ]    [ Clear this form ]

A03959757

## ABSTRACT OF JUDGMENT—PRISON COMMITMENT—INDETERMINATE
### [NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-292 ATTACHED]

CR-292

| | | |
|---|---|---|
| [X] SUPERIOR   COURT OF CALIFORNIA, COUNTY OF: Placer | | **FILED** |
| [ ] MUNICIPAL   BRANCH OR JUDICIAL DISTRICT: | | PLACER COUNTY |
| PEOPLE OF THE STATE OF CALIFORNIA vs.   DOB: 09-09-54   DEFENDANT: Dennis Roy Peterson | 62-13569   -A | SUPERIOR COURT OF CALIFORNIA |
| AKA: | -B | AUG 2 5 2000 |
| CII#: A03959757 | | |
| BOOKING #: P92175   [ ] NOT PRESENT | -C | JOHN MENDES EXECUTIVE OFFICER & CLERK |
| COMMITMENT TO STATE PRISON   [ ] AMENDED ABSTRACT OF JUDGMENT   ABSTRACT | -D   By _____ Deputy | |

| DATE OF HEARING | DEPT. NO. | JUDGE |
|---|---|---|
| 08-25-2000 | 13 | J. Roeder |

| CLERK | REPORTER | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|
| B. Fields | J. Sasek | N. Miller |

| COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | |
|---|---|---|
| G. Horst | L. Cole | [X] APPT'D. |

1. Defendant was convicted of the commission of the following felonies:
   [ ] Additional counts are listed on attachment
   _____ (number of pages attached)

| CNT. | CODE | SECTION NO. | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO./DATE/YEAR) | JURY | COURT | PLEA | CONCURRENT | CONSECUTIVE | 654 STAY |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 01 | HS | 11351 | Poss for sale of cont. subs cocaine | 2000 | 07/12/00 | X | | | | | |
| 02 | HS | 11350a | Poss of cont. subs cocaine | 2000 | 07/12/00 | X | | | | | X |
| 03 | HS | 11355 | main. place for sale of cont.subs | 2000 | 07/12/00 | X | | | X | | |
| | | | | | / / | | | | | | |
| | | | | | / / | | | | | | |
| | | | | | / / | | | | | | |

2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST enhancements stricken under PC 1385.

| CNT. | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

3. ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTIONS OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST enhancements stricken under PC 1385.

| ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL | |
|---|---|---|---|---|---|---|---|---|---|
| 667.5(b) | 1 | | | | | | | 01 | 00 |
| | | | | | | | | | |
| | | | | | | | | | |

Defendant was sentenced to State Prison for an INDETERMINATE TERM:

4. [ ] For LIFE WITHOUT THE POSSIBILITY OF PAROLE on counts _____
5. [ ] For LIFE WITH POSSIBILITY OF PAROLE on counts _____
6. [X] For 25_____ years to life, WITH POSSIBILITY OF PAROLE on counts ___1___
   PLUS enhancement time shown above.
7. [ ] Additional determinate term (see CR-290).
8. Defendant was sentenced pursuant to [X] PC 667 (b)-(i) or PC 1170.12   [ ] PC 667.61   [ ] PC 667.7   [ ] PC 667.9
   [ ] other (specify): _____

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for indeterminate sentences. Attachments may be used but must be referred to in this document.
(Continued on reverse)

Form Adopted by the
Judicial Council of California
CR-292 [Rev. January 1, 1999]

**ABSTRACT OF JUDGMENT—PRISON COMMITMENT—INDETERMINATE**
*[NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-292 ATTACHED]*

Penal Code, §§
1213, 1213.5

| PEOPLE OF THE STATE OF CALIFORNIA vs. DEFENDANT: Dennis Roy Peterson | | | | |
|---|---|---|---|---|
| 62-13569 | -A | -B | -C | -D |

9. FINANCIAL OBLIGATIONS (including any applicable penalty assessments):
   a. RESTITUTION FINE of: $ 5,000 per PC 1202.4(b) forthwith per PC 2085.5.
   b. RESTITUTION FINE of: $ 5,000 per PC 1202.45 suspended unless parole is revoked.
   c. RESTITUTION of: $ _____ per PC 1202.4(f) to ☐ victim(s)* ☐ Restitution Fund
     (*List victim name(s) if known and amount breakdown in item 11, below.)
     (1) ☐ Amount to be determined.
     (2) ☐ Interest rate of: _____ % (not to exceed 10% per PC 1204.4(f)(3)(F)).
   d. ☐ LAB FEE of: $ _____ for counts: _____ per H&SC 11372.5(a).
   e. ☐ DRUG PROGRAM FEE of $150 per H&SC 11372.7(a).
   f. ☐ FINE of: $ _____ per PC 1202.5.

10. TESTING
   a. ☐ AIDS pursuant to   ☐ PC 1202.1   ☐ other (specify):
   b. ☐ DNA pursuant to   ☐ PC 290.2   ☐ other (specify):

11. Other orders (specify):

THE FOREGOING INSTRUMENT
IS A CORRECT COPY OF THE
ORIGINAL ON FILE IN THIS
OFFICE.
ATTEST:
John Mendes
Superior Court Clerk,
County of Placer, State
of California
By

12. Execution of sentence imposed
   a. ☒ at initial sentencing hearing.
   b. ☐ at resentencing per decision on appeal.
   c. ☐ after revocation of probation.
   d. ☐ at resentencing per recall of commitment. (PC 1170(d).)
   e. ☐ other (specify):

13. CREDIT FOR TIME SERVED

| CASE NUMBER | | TOTAL CREDITS | ACTUAL | LOCAL CONDUCT | |
|---|---|---|---|---|---|
| 62-13569 | -A | 265 | 177 | 88 | ☒ 4019 / 2933.1 |
| | -B | | | | ☐ 4019 / 2933.1 |
| | -C | | | | ☐ 4019 / 2933.1 |
| | -D | | | | ☐ 4019 / 2933.1 |
| DATE SENTENCE PRONOUNCED: 08-25-2000 | | SERVED TIME IN STATE INSTITUTION: ☐ DMH ☒ CDC ☐ CRC | | | |

14. The defendant is remanded to the custody of the sheriff : ☒ forthwith ☐ after 48 hours excluding Saturdays, Sundays, and holidays.

To be delivered to ☒ the reception center designated by the director of the California Department of Corrections
☐ other (specify):

**CLERK OF THE COURT**

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE | DATE 08-25-2000 |
|---|---|

CR-292 (Rev. January 1, 1999)      ABSTRACT OF JUDGMENT—PRISON COMMITMENT—INDETERMINATE      Page two

SUPERIO\_\_\_\_OURT OF CALIFORNIA, COUNTY OF PL\_\_\_\_R

#49    Date:07/29/22    Time: 8:30:00AM    Department 20    Judge: **Steven J. Howell**
**People vs. Peterson, Dennis Roy**    Case Number: **62-013569A**
Nature of Proceedings: **Review**    Custody Status: **Sentenced Defendant**
Motion Detail:    Time Waiver:    Waived through :
Additional Information: PC 1171.1 (SB-483)
Clerk: ~~Mylee L. Taylor~~ / C. STRUTHERS    Reporter: Janell Rose
Defense Counsel: **Placer County Public Defender,**
Atty:
Defense Counsel: **Kendall, Earl**    D.A. WEERTS
Defense Counsel: **Burdick, Kevin**    Interpreter:    [ ] certified [ ] qualified    Language:    [ ] Oath on File
Defense Counsel: **Cole, Larry**

| NEXT COURT APPEARANCE: | Time Estimate: _____ |
|---|---|
|  | [ ] vacate open events |

[ ] Defendant present [ ] not present [ ] PC977    [ ] BW ordered.  Bail $ _____    [ ] NCIC
[ ] Arrn waived [ ] Arrn completed  [ ] Viol of Prob    [ ] Referred to DA for Arrest Warrant [ ] O/R revoked
Appt.  [ ] Public Defender  [ ] Conflict Firm    [ ] BW held [ ] BW recalled [ ] Warrant remains active
[ ] _____    [ ] Probation [ ] summarily revoked  [ ] reinstated [ ] terminated
[ ] Not guilty  [ ] Denied    [ ] Admitted    [ ] Bail forfeited [ ] Exonerated  [ ] Forfeiture set aside
[ ] Advised financial responsibility    [ ] Bail is reinstated  [ ] Reinstatement fee is waived
[ ] Case dismissed  [ ] Petition dismissed    [ ] Defendant shall pay reinstatement fee $
[ ] Amended _____    [ ] Civil assessment  [ ] ordered [ ] confirmed
[ ] General time waiver  [ ] Time not waived    [ ] Criminal Protective Order filed & served
[ ] Time waived to  [ ] next hearing [ ] to _____    [ ] Dropped from calendar
Preliminary hearing time waiver [ ] 10 [ ] 60
[ ] Preliminary hearing is waived and defendant is held to answer,complaint deemed information
Trial time waiver [ ] general [ ] 60 days [ ] to next date [ ] not waived
Attend and provide proof of _____ self help meetings per week until further order of the Court
Proof [ ] shown _____ [ ] not shown
[ ] Motion for new jail turn in date [ ] granted  [ ] denied. New turn in date _____ Previous date _____
[ ] Transcript request date _____ Reporter _____ requested by [ ] Court [ ] Defense [ ] DA
[ ] PREP CENTER: Defendant is ordered to report to probation for an assessment within 72 hours to determine qualification into
the PREP center.  Defendant is ordered to fully comply with case plans as established by probation if deemed qualified after
assessment.    *Motion Denied.*
[ ] Defendant transitioned from Prop 36, the plea is withdrawn, case is dismissed and fees/fines are waived and set aside
[ ] Defendant ordered to undergo treatment pursuant to PC1210.1 in _____ county.
[ ] Defendant is found to be indigent and qualifies for court appointed counsel
[ ] DEJ [ ] PC1000 completed, plea withdrawn and case is dismissed    [ ] See Formal Order
*π object to resentence As this Sent was Based on*
*A sexually violent offense. Court orders A copy of*
*transcripts sent to CDCR. Court Also orders π Remanded*
[ ] Ordered booked and released *for R mins Be sent to CDCR*
Defendant ordered to report to the: [ ] Criminal Division [ ] Revenue Services [ ] Public Defender
[ ] Probation Department [ ] Forthwith [ ] on _____

[ ] **Remanded** to custody of Sheriff until next appearance. Bail [ ]  as set or $_____ [ ] Bail terms if released
    [ ] CDCR  [ ] PC1170(h)  [ ] PC1170(h)(5)    Charge:_____    [ ] Felony [ ] Misd
[ ] Committed to serve : jail _____ credits _____ (_____ actual _____ good time___ _____ pretrial)

[ ] Committed to _____ state hospital

[ ] Discharged  [ ] O/R   [ ] with terms  [ ] Supervised Pretrial Release: [ ] O/R [ ] EMP [ ] Bail


Signature: _____

Defendant    Jail    Revenue Services    Probation    DA    Defense Counsel    05-2016

**Criminal Minutes**        CRIM001

# Original Telemedicine Report

Office/Clinic Note

* Final Report *

If patient remains stable followed by
Maintenance 21-day cycle for 24 months
-Pembrolizumab 200 mg IV over 30 minutes on day 1
Followed by
-Pemetrexed 500 mg/m$^2$ IV over 10 minutes on day 1

-Will monitor CBC CMP with each cycle, TSH free T4 every 6 weeks

The patient is stable repeat CT scan chest abdomen pelvis with IV contrast after 3 cycles
Discussed detail with the patient about risk and benefits of the chemotherapy plus immunotherapy
Avoid any NSAIDs 3 days before treatment and 3 days after

**With treatment patient should be on folic acid 1 mg p.o. daily B12 1000 mcg intramuscular every 3 cycles**

**With immunotherapy monitoring for any pneumonitis, colitis nephritis meningitis or eye problems**

Present stage of cancer; stage IV
Condition of cancer: Active
Treatment intent; palliative
Prognosis: Most likely less than 6-month
Possibility of dying due to cancer plus other comorbidities within next 1 year: Compression release

**FOLLOW UP**; 4 weeks
Notes dictated by dragon possibility of dictation interpretation errors .Total time spent coordination of care and making treatment decision, planning with reviewing labs, from available records around 65 minutes, 50% time spent with patient discussion counseling, tried to give answers to the patient questions appropriately.

BUN/Creat Ratio: 15 (05/14/24)
Calcium Lvl: 9.2 mg/dL (05/14/24)
Chloride: 108 mmol/L High (05/14/24)
CO2: 25 mmol/L (05/14/24)
Creatinine: 0.96 mg/dL (05/14/24)
Eos Absolute: 0.21 x10(3)/uL (05/14/24)
Eos Auto: 4.2 % (05/14/24)
GFR African American: 94 mL/min/1.73 m2 (05/14/24)
GFR NonAfrican American: 78 mL/min/1.73 m2 (05/14/24)
Globulin: 2 (05/14/24)
Glucose Lvl: 96 mg/dL (05/14/24)
Hct: 41.2 % (05/14/24)
Hgb: 13.8 gm/dL (05/14/24)
Immature Gran %: 0 % (05/14/24)
Immature Gran Absolute: 0 (05/14/24)
INR: 1.04 ratio (05/14/24)
Lymph Absolute: 2.08 x10(3)/uL (05/14/24)
Lymph Auto: 41.4 % (05/14/24)
MCH: 29.7 pg (05/14/24)
MCHC: 33.5 gm/dL (05/14/24)
MCV: 88.6 fL (05/14/24)
Mono Absolute: 0.37 x10(3)/uL (05/14/24)
Mono Auto: 7.4 % (05/14/24)
MPV: 9.7 fL (05/14/24)
Neutro Absolute: 2.36 x10(3)/uL (05/14/24)
Neutro Auto: 46.8 % (05/14/24)
NRBC Absolute: 0 /100 WBCs (05/14/24)
NRBC Auto Pct: 0 /100 WBCs (05/14/24)
Platelet: 177 x10(3)/uL (05/14/24)
Potassium Lvl: 4.6 mmol (05/14/24)
PT: 13.6 second(s) (05/14/24)
RBC: 4.65 x10(6)/uL (05/14/24)
RDW-CV: 13.9 % (05/14/24)
Sodium Lvl: 143 mmol (05/14/24)
Total Protein: 6.6 gm/dL (05/14/24)
WBC: 5 x10(3)/uL (05/14/24)

[1] Hematology Oncology Telemedicine Visit Note; Magana, Valerie 03/25/2024 14:20 PDT

## Signature Line

Magana, Valerie

[Electronically Signed on: 06/19/2024 15:00 PDT]

Gill, Amandeep S MD MD

# Original Telemedicine Report

* Final Report *

[Verified on: 06/19/2024 15:00 PDT]

_____

Gill, Amandeep S MD MD

Document Type:             Office/Clinic Note
Document Date:             June 19, 2024 11:40 PDT
Document Status:           Auth (Verified)
Document Title/Subject:    Hematology Oncology Telemedicine Visit Note
Performed By/Author:       Magana, Valerie on June 18, 2024 15:30 PDT
Verified by:               Gill, Amandeep S MD on June 19, 2024 15:00 PDT
Encounter info:            31410323, San Joaquin Hosp, Clinic Outpatient, 6/19/2024 -

JUN 2 1 2024



FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF PLACER

OCT 14 2022

JAKE CHATTERS
EXECUTIVE OFFICER & CLERK
By A. Perez, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF PLACER

1
2
3
4
5
6
7
8
9
10  In re Petition of Habeas Corpus of,        Cases: 62-013569A

11                                             ORDER SUMMARILY DENYING
                                               PETITIONS FOR WRIT OF HABEAS
12  DENNIS ROY PETERSON,                       CORPUS

13  CDCR# P-92157

14  Petitioner.

15        The petitioner was convicted by a jury on 7/12/2000 of possession of
16  cocaine for sale in violation of Health and Safety Code § 11351, possession
17  of cocaine in violation of Health and Safety Code § 11350(a), and
18  maintaining a place where controlled substances are sold or used in violation
19  of Health and Safety Code § 11366. The petitioner admitted nine prior strike
20  allegations and a prior prison term allegation. The petitioner was sentenced
21  on 8/25/2000 to 26 years to life in prison. The judgment was affirmed by
22  the court of appeal on 7/9/2001.
23        On 7/29/22, the court held a hearing to determine whether the
24  petitioner's one-year prior prison term enhancement should be dismissed
25  pursuant to Penal Code § 1171.1 (which has been renumbered as Penal
26  Code § 1172.75). At the hearing, the petitioner was represented an
27  attorney from the Placer County Public Defender's Office, Brad Whatcott.
28

- 1 -

1  The People were represented by Placer County Deputy District Attorney

2  Timothy Weerts.

3        The court found that the defendant was not entitled to the relief set

4  forth in Penal Code § 1171.1 (now 1172.75) because that section, by its

5  express terms, does not apply to a prior prison term imposed for a sexually

6  violent offense.  The court found that the defendant's prior prison term was

7  for a sexually violent offense.

8        A habeas corpus proceeding cannot serve as a substitute for an

9  appeal.  *Ex Parte Dixon* (1953) 41 Cal.2d 756.  Issues that could have been

10 raised on appeal cannot be presented in a writ of habeas corpus absent

11 strong justification.  *In re Harris* (1993) 5 Cal.4th 813, 829.  The petitioner

12 did not appeal the court's ruling and there has no showing justifying the

13 failure to appeal.

14       Accordingly, the court finds that the petitioner has not made a prima

15 facie showing for relief and the petition is summarily denied.

16

17

18 Date: 10/14/22

19                          Hon. Jeffrey S. Penney
                           Placer County Superior Court Judge
20

21

22

23

24

25

26

27

28

- 2 -

1

2

3

4

5

6

7

8

9

10

**FILED**
Superior Court of California
County of Placer

MAY 09 2022

Jake Chatters
Executive Officer & Clerk
By: A. Kommu, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF PLACER

| | |
|---|---|
| 11 PEOPLE OF THE STATE OF<br>12 CALIFORNIA,<br><br>13              Plaintiff,<br><br>14       vs.<br><br>15 DENNIS ROY PETERSON<br>16<br>17              Defendant. | Case No.: 62-013569<br><br>ORDER RE PENAL CODE §§ 1171.1<br>(SB-483) |

18

19      The defendant was sentenced on 8-25-2000 by this court to a total of

20  26 years to life in state prison for violations of California Health and Safety

21  Code sections 11351, 11350, 11366, 11550, and Business and Professions

22  Code section 4140. The 26 years to life sentence included one year for a

23  prior prison term enhancement under PC 667.5(b). On 1/1/22, the

24  Legislature enacted PC 1171.1, which requires courts to review cases for

25  possible recall if a sentence included an enhancement under PC 667.5(b).

26  PC 667.5(b) has been declared invalid by the Legislature.

27      This case was identified by the CDCR as a case to be reviewed by the

28  court. The court finds that PC 1171.1 does apply to this case because the

defendant's sentence included a one year enhancements under PC 667.5(b).

1   The Placer County Public Defender is appointed to represent the defendant
2   in this matter.  The case is set for a conference on Friday June 10, 2022 at
3   8:30 am in Department 20. The Court Clerk is directed to file this order and
4   to serve the defendant, the Public Defender, and the District Attorney.
5
6   Date:  5-9-2022
7                                            Alan V. Pineschi
                                             Placer County Superior Court Judge
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 2 -



FILED
Superior Court of California
County of Placer

AUG 05 2022

Jake Chatters
Executive Officer & Clerk
By: N. Phelps, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF PLACER

--oOo--

DEPARTMENT NO. 20                    HON. STEVEN J. HOWELL, JUDGE

PEOPLE OF THE STATE OF CALIFORNIA,          )          AUG 12 2022
                                            )
            Plaintiff,                      )
                                            )
    versus                                  )    Case No. 62-013569A
                                            )
DENNIS ROY PETERSON,                        )
                                            )          COPY
            Defendant.                      )

--oOo--

REPORTER'S TRANSCRIPT

July 29, 2022

REVIEW

PC1171.1 (SB-483)

--oOo--

APPEARANCES:

FOR THE PEOPLE:                 PLACER COUNTY DISTRICT ATTORNEY
                                BY:  Timothy Weerts
                                10810 Justice Center Drive, #240
                                Roseville, CA 95678

FOR THE DEFENDANT:              KOUKOL & ASSOCIATES, INC.
                                PLACER COUNTY PUBLIC DEFENDER
                                BY:  Brad Whatcott
                                3785 Placer Corporate Drive, #550
                                Rocklin, CA 95765

Reported By:                    JANELL ROSE, CSR 7249
                                                               1

```
 1                      ROSEVILLE, CALIFORNIA
 2                          July 29, 2022
 3                            --oOo--
 4        The matter of PEOPLE OF THE STATE OF CALIFORNIA,
 5   Plaintiffs, versus DENNIS ROY PETERSON, Defendant, case number
 6   62-013569A, came regularly this day before the Honorable STEVEN
 7   J. HOWELL, Judge of the Superior Court of the State of
 8   California, in and for the County of Placer, Department Number
 9   20 thereof.
10        The Plaintiffs were represented by Timothy Weerts, Deputy
11   District Attorney, acting as their Counsel.
12        The Defendant was represented by Brad Whatcott, Deputy
13   Public Defender, acting as his Counsel.
14        The following proceedings were had, to wit:
15                            --oOo--
16        THE COURT: The name of the defendant is Dennis Roy
17   Peterson. Case number 62-013569A. Appearances?
18        MR. WEERTS: Timothy Weerts for the People.
19        MR. WHATCOTT: Brad Whatcott for Mr. Peterson. He is in
20   state prison. He did authorize me, by written waiver, to appear
21   for him today for the resentencing.
22        THE COURT: Mr. DA, your last name is?
23        MR. WEERTS: Weerts, W-E-E-R-T-S.
24        THE COURT: Mr. Weerts, I did read your response for
25   resentencing. The Court put the matter on calendar, as I
26   understand it, and I read your brief.
27        Did you have a chance to look at that, Mr. Whatcott?
28        MR. WHATCOTT: I did, yes.
                                                                    2
```

```
 1       THE COURT:  So the abstract was filed August 25th of 2000;
 2  is that what you show, Mr. Weerts?
 3       MR. WEERTS:  I believe that's correct.
 4       THE COURT:  And you indicated that the defendant is not
 5  entitled to relief because of the sex offenses on the first
 6  strike -- I mean, the first series of convictions that were
 7  alleged in the Complaint?
 8       MR. WEERTS:  Not because of the strike allegations but
 9  because those are also the basis of the prison prior that was
10  alleged.
11       THE COURT:  So looking at this abstract, in what way do
12  you believe it should be amended?
13       MR. WEERTS:  Yes, Your Honor.  I don't know that there
14  is -- frankly, I'm not sure.
15       My concern in requesting that it be amended is that if
16  it's -- I think it should be denied.  I don't believe he's
17  entitled to relief, but if there is no change, I don't want CDCR
18  to do another check and see that he has this presumptively
19  problematic enhancement and then send it back again for review.
20       THE COURT:  I see now.  You're just saying deny it, and
21  you'll state the reason on the record, we'll get a transcript,
22  and then send it to the Department of Corrections?
23       MR. WEERTS:  I think that would alleviate that concern.
24       THE COURT:  Mr. Whatcott?
25       MR. WHATCOTT:  Your Honor, I have communicated with Mr.
26  Peterson and explained the issues to him.  I do think the People
27  are correct in that he is not entitled to have the prison prior
28  stricken because it was based on a sexually violent offense.
```

                                                              3

1      Mr. Peterson is still requesting that the Court consider

2 striking his prior prison term. His reason is is that he

3 already received a lengthy sentence. I'll submit on that issue.

4      As far as noting that the prison prior is based on a

5 sexually violent offense, I would object to that being noted on

6 the abstract. I think a minute order or a transcript sent to

7 CDC would clarify that.

8      THE COURT: Okay. So Mr. Weerts, here is your opportunity

9 to state clearly on the record why he's not entitled to be

10 resentenced.

11      MR. WEERTS: Thank you, Your Honor.

12      The reason that Mr. Peterson is not entitled to be

13 resentenced is that the prison prior for which he was convicted

14 under Penal Code Section 667.5(b) is based on a sexually violent

15 offense as defined in Welfare and Institutions Code section

16 6600(b) and would still be a valid enhancement under the law as

17 it stands today.

18      THE COURT: Submitted?

19      MR. WHATCOTT: Yes.

20      THE COURT: All right. The Court will have a minute order

21 prepared denying the motion for resentencing stating the gist of

22 what Mr. Weerts just recited for the record.

23      I will further direct the reporter to prepare a

24 transcript. Madam Clerk is directed to then send a copy of the

25 minutes, a certified copy, and a copy of the transcript to the

26 Department of Corrections. Counsel should be also furnished

27 copies of those two documents.

28      Anything further?

4

```
 1        MR. WHATCOTT:  No, Your Honor.
 2        MR. WEERTS:  No.  Thank you.
 3        THE COURT:  Hang on one second.
 4        All right.  Madam Reporter, the clerk has her
 5   responsibilities to send minutes.  I'll direct you to send a
 6   certified copy of the transcript to the Department of
 7   Corrections as well.
 8        THE REPORTER:  Yes, Your Honor.
 9        THE COURT:  Thank you.  Anything further?
10        MR. WHATCOTT:  No, Your Honor.
11
12                         (Whereupon, the proceeding concluded.)
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
                                                        5
```

```
 1              SUPERIOR COURT OF THE STATE OF CALIFORNIA

 2                  IN AND FOR THE COUNTY OF PLACER

 3                            --oOo--

 4                                      )
                                        )
 5     PEOPLE OF THE STATE OF CALIFORNIA,
                                        )
 6                                      )  Case No. 62-013569A
                    Plaintiff,          )
 7                                      )
        Vs.                             )
 8                                      )  REPORTER'S
                                        )  TRANSCRIPT
 9     DENNIS ROY PETERSON,             )
                                        )
10                                      )
                    Defendant.          )
11     _____)

12     STATE OF CALIFORNIA     )
                               )  ss
13     COUNTY OF PLACER        )
```

14        I, JANELL ROSE, Certified Shorthand Reporter of the State

15   of California, do hereby certify that the foregoing pages 1

16   through 6, inclusive, comprises a true and correct transcript of

17   the proceedings had in the above-entitled matter held on July

18   29, 2022.

19        I also certify that portions of the transcript are

20   governed by the provisions of CCP237(a)(2) and that all personal

21   juror identifying information has been redacted.

22        IN WITNESS WHEREOF, I have subscribed this certificate at

23   Roseville, California, this 4th day of August, 2022.

24

25

26                          JANELL ROSE, CSR
                            License No. 7249
27

28

                                                              6

RECEIVED
LEGAL PROCESSING UNIT

AUG 0 5 2022

DEPT OF CORRECTIONS
AND REHABILITATION

RECEIVED
LEGAL PROCESSING UNIT

AUG 0 5 2022

DEPT OF CORRECTIONS
AND REHABILITATION



THE FOREGOING INSTRUMENT
IS A CORRECT COPY OF THE
ORIGINAL ON FILE IN THIS
OFFICE.
ATTEST: 8/8/22

JAKE CHATTERS
Superior Court Clerk,
County of Placer, State of
California.
By _____ Deputy

STATE OF CALIFORNIA
**GRIEVANCE**
CDCR 602-1 (Rev. 01/22)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

MCSP Page 1 of 2

| | OGT Log No: 517494 | Date Received: FEB 0 3 2024 |
|---|---|---|
| | Decision Due Date: | |
| | Categories: | OOG |

**Claimant Name:** DENNIS R. PETERSON          **CDCR #:** P92157

**Institution/Parole Region:** MCSP          **Current Housing/Parole Unit:** E21-105-3L

_Use this form to file a complaint with the Department._

**In order for the Department to understand your complaint, please answer all of the following questions:**

- What is the nature of your complaint?
- When and where did the complaint occur?
- Who was involved?
- Which specific people can support your complaint?
- Did you try to informally resolve the complaint?
- What rule or policy are you relying on to make your complaint?
- What specific action would resolve your complaint?

    _NOTE: Attach documents that help support your complaint (identify the documents if you do not have them)._

Please be advised and duly informed, in your
official capacity. Appellant believes and thereon alleges
that his sentence is calculated wrong.
On/or about January 26, 2024, as I was reviewing
my CDCR-Form 1897, calculation sheet. I discovered
the miscalculation.
Appellants EPRD should be recalculated to
reflect Two Strikes. The current 1897 shows a Third
Strike, which is incorrect.
On/or about January 29, 2024, Appellant received
an CDCR-Release Date Change Notice, with an
MEPD, before May 1, 2021, and after June 14, 2021.
Appellant contends this calculation is in error.
On/or about December 17, 2023, Appellant requested
an Abstract of Judgment, to challenge the incorrect
calculation.

STATE OF CALIFORNIA
**GRIEVANCE**
CDCR 602-1 (Rev. 01/22)

**CONTINUATION PAGE**

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

This miscalculation, violates the Fourteenth Amendment to the United States Constitution and Article I, Section 7, of the California Constitution. Appellant is being illegally incarcerated, and there is a "Liberty Interest at Stake.

Action Requested

Please Investigate this error in my Sentence Calculation.

Thank You.

**Claimant Signature:** _____   **Date Signed:** 2-6-24



[13]MCPL0044395[18]

## CALCULATION WORKSHEET - INDETERMINATE (ISL)

| Credit Code | 3 | | | |
|---|---|---|---|---|
| CR Earned % | 20% | Earned Factor (A11) ▶ | 5 | |
| Vested % ▶ | 33.3% | Vested Factor (A4) ▶ | 2 | |

▼ Case Number/s ▼

6213569

### Section A - Original MEPD Calculation

This is the initial MEPD calculation that is done upon reception. This MEPD remains throughout the term, unless there is a change in credit earning status, program credits and/or credit losses/credit restorations.

| A1. Start Date | | | 09/05/2000 |
|---|---|---|---|
| A2. Plus Time Imposed | + 26 YRS | 0 MO | |
| | = | | 09/05/2026 |
| A3. Minus PRE & Post (PST) Sentence Credit | - 265 PRE | 10 PST | |
| | = | | 12/04/2025 |
| A4. Minus Vested Credit Divide (A3 PST) by Vested Factor above. (Drop decimals) | - | | 5 |
| | = | | 11/29/2025 |
| A5. Plus Dead Time/minus Merit Credit | + 0 DT - | 0 MC | |

| **A6. Equals Maximum Date** | = | 11/29/2025 |
|---|---|---|

If change in credit earning(s), credit loss, Reeves, program credits, etc. Stop here and proceed to Section B.

| A7. Minus Day Before Start Date (Line A1) | - | |
|---|---|---|
| A8. Equals Days to Serve | = | |
| A9. Minus Dead Time (A5) | - | |
| A10. Equals Days where credit may be applied. | = | |
| A11. Equals CDCR Good Conduct Credit (GCC), divide (Line A10) by Earned Factor above. (Drop Decimals except Credit Code 2, Round Up) | = | |

| **A12. Maximum Date (Line A6)** | |
|---|---|

| A13. Minus CDCR GCC (Line A11) | - | |
|---|---|---|
| A14. Equals Original MEPD | = | |

### Section B - Recalculation of MEPD (change in credit earning status, credit loss/credit restoration, etc.)

**Step 1:** Accumulation of CDCR GCC for days previously earned and projected future credit. Record fractional amounts of credit (2 decimal places).

| **B1. Maximum Date (Line A6)** | = | 11/29/2025 |
|---|---|---|
| B2. Minus CDCR GCC Earned Section D Total Credit w/fractions or Section G (Line G9). | - | 748.5 |
| B3. Plus Net Credit Loss (Section E Total) Leave Line B3 Blank if Credit Code 2 (PC2931) | + | 511 |
| B4.Equals Current Release Date (CRD)* Calculation ends here if: - Credit Code 2 proceed to B12 | = | 04/06/2025 |
| B5. Minus Date Credit Applied Through (Section D Only) | - | 05/01/2021 |
| B6. Equals Days remaining to serve as of date credit applied. | = | 1436 |

B7. Divide Line B6 by Projected Factor as follows to project CDCR GCC. If Projected Factor is equal to 99, divide by 3 then multiply by

| | Projected % | Work Group | Projected Factor |
|---|---|---|---|
| | 50% | A1 | 2.00 |
| Equals Projected CDCR GCC | | = | 718 |

B8. Total CDCR GCC - Accumulate Fractional Credit

| Line B2 | 748.5 | (incl. fractions) |
|---|---|---|
| + Line B7 | 718 | (incl. fractions) = 1466.5 |

#### Step 2: Recalculate MEPD

| **B9. Maximum Date (Line A6/B1)** | | 11/29/2025 |
|---|---|---|
| B10. Minus Total CDCR GCC (Line B8,drop decimals) | - | 1466 |
| B11. Plus Net Credit Lost (Section E Total) | + | 511 |
| B12. Minus Program Credit (Section F Total) | - | 674 |
| **B13. Equals Adjusted MEPD *** | = | 06/14/2021 |

* The CRD is an intermediate date and may exceed the maximum date; however, the Adjusted MEPD cannot exceed the Maximum Date.

### Notes:

| CALCULATED BY | | | DATE |
|---|---|---|---|
| J. Lopez CCRA | | | 01/26/2024 |
| INMATE'S NAME | CDCR NUMBER | LOCATION | |
| PETERSON, DENNIS | P92157 | MCSP | |

STATE OF CALIFORNIA03103-EFB    DOCUMENT DEPARTMENT OF CORRECTIONS AND REHABILITATION

Calculation Worksheet - Indeterminate (ISL)
CDCR 1897-IJ Access Version ( Ver. 1.06 8/22/2023 )
[13]MCPL004439S[8]

## Section D - Tracking Work Group (WG) Changes and CDCR Good Conduct Credit (GCC) Earned.

GCC is applied in whole day increments; however, fractional credit is accumulated and applied when the accumulated credit reaches a whole day. Record all fractions using 2 decimals and apply any credit earning changes through the first day of the current credit earning.
**Workgroups A1, A2, B, D1, U:**
Credit Earning 15% - Divide total days by 5.66, Credit Earning 20% - Divide total days by 4, Credit Earning 33.3% - Divide total days by 2 and Credit Earning 50% - Divide total days by 1
**Workgroups C and D2 earn zero for all offenders with two exceptions:**
1. **Effective 5/1/2021 - 12/27/2021** workgroups C and D2 will earn credit at whatever percentage is allowable according to the regulations at that time. **Effective 12/28/2021** C and D2 will revert back to zero earning. **2.** Offenders earning credit pursuant to PC 2931 or designated as Credit Code 2.
**For all Credit Earnings in Workgroup M & F:**
**Effective 5/1/2021 - 12/27/2021**, MSC awarded in lieu of earned GCC.
**Workgroup M – Determinate offenders only:**
50% Credit Earning; Effective 5/1/2017 66.6% - multiply total days by 2. **Effective 12/28/2021** 66.6% - multiply total days by 2 (includes 2nd striker)    33.3% Credit Earning: Effective 5/1/2017 33.3% - divide total days by 2. **Effective 12/28/2021** 33.3% -divide total days by 2 (violent offender)
**Workgroup F – Determinate offenders only:**
50% Credit Earning: Effective 1/2/2003 66.6% - multiply total days by 2. **Effective 12/28/2021** 66.6% - multiply total days by 2 (includes 2nd striker)    20% Credit Earning: Effective 5/1/2017 50% - divide total days by 1 (violent offender)
33.3% Credit Earning: Effective 5/1/2017 66.6% -multiply total days by 2 (2nd striker). Effective 12/28/2021 50% - divide total days by 1 (violent offender)
* PC 2931 one-third or Credit Code 2 offenders – workgroup changes do not affect these calculations. Leave Section D blank and proceed to Section G.

| Credit Rate | WG | From Date | Thru Date | Total Days* | Credit |
|---|---|---|---|---|---|
| 20% | A1 | 09/05/2000 | 11/11/2000 | 68 | 17 |
| 0% | | 11/12/2000 | 04/30/2017 | 6014 | 0 |
| 33.3% | A1 | 05/01/2017 | 04/30/2021 | 1461 | 730.5 |
| 50% | A1 | 05/01/2021 | 05/01/2021 | 1 | 1 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |

**Applied & Unapplied Credit per SOMS**

| | | |
|---|---|---|
| | ▶▶▶▶ | 0 |
| **Total Credit** | ▶▶▶▶ | 748.5 |

*Total Days equals "Thru Date" minus "From Date" + 1 Day

## Section E - Tracking Credit Losses and Restorations

| CDCR 115 | Losses | | | CDCR 115 | Losses | | | CDCR 115 | Losses | | | CDCR 115 | Losses | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Lost | Rest | Net | | Lost | Rest | Net | | Lost | Rest | Net | | Lost | Rest | Net |
| 05/24/2001 | 90 | 90 | 0 | | | | | | | | | | | | |
| 03/03/2002 | 90 | 90 | 0 | | | | | | | | | | | | |
| 01/23/2005 | 61 | | 61 | | | | | | | | | | | | |
| 06/10/2005 | 120 | | 120 | | | | | | | | | | | | |
| 02/28/2006 | 120 | | 120 | | | | | | | | | | | | |
| 03/06/2006 | 120 | | 120 | | | | | | | | | | | | |
| 04/28/2006 | 90 | 90 | 0 | | | | | | | | | | | | |
| 05/31/2009 | 90 | 90 | 0 | | | | | | | | | | | | |
| 11/26/2023 | 90 | | 90 | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |

## Section E - Credit Loss Notes

Total ▶    511

## Section F - Program Credits Earned    ( 1-Exceeds Parole 2-PC 3058.6 3-PC 3058.9 4-Carryover, 5-Banked Credit )

| Type | Effective | Credit | N/A | Why? |
|---|---|---|---|---|
| EMC | 8/17/2017 | 90 | 0 | |
| RAC | 9/11/2017 | 7 | 0 | |
| RAC | 10/17/2017 | 7 | 0 | |
| RAC | 11/27/2017 | 7 | 0 | |
| MCC | 12/14/2017 | 84 | 0 | |
| RAC | 1/17/2018 | 7 | 0 | |
| MCC | 12/14/2018 | 63 | 0 | |
| RAC | 12/19/2018 | 7 | 0 | |
| RAC | 2/11/2019 | 7 | 0 | |
| RAC | 4/15/2019 | 7 | 0 | |
| EMC | 5/1/2019 | 90 | 0 | |
| RAC | 5/1/2019 | 10 | 0 | |
| RAC | 9/11/2019 | 10 | 0 | |
| RAC | 9/11/2019 | 10 | 0 | |

| Type | Effective | Credit | N/A | Why? |
|---|---|---|---|---|
| RAC | 9/11/2019 | 10 | 0 | |
| MCC | 12/14/2019 | 84 | 0 | |
| RAC | 12/30/2019 | 10 | 0 | |
| ECC | 7/9/2020 | 84 | 0 | |
| RAC | 9/11/2020 | 10 | 0 | |
| MCC | 12/14/2020 | 70 | 14 | 1 |
| MCC | 12/14/2021 | 0 | 42 | 1 |
| RAC | 6/21/2022 | 0 | 10 | 1 |
| RAC | 10/6/2023 | 0 | 10 | 1 |
| | | 0 | 0 | |
| | | 0 | 0 | |
| | | 0 | 0 | |
| | | 0 | 0 | |
| | | 0 | 0 | |

| Type | Effective | Credit | N/A | Why? |
|---|---|---|---|---|
| | | 0 | 0 | |
| | | 0 | 0 | |
| | | 0 | 0 | |
| | | 0 | 0 | |
| | | 0 | 0 | |
| | | 0 | 0 | |
| | | 0 | 0 | |
| | | 0 | 0 | |
| | | 0 | 0 | |
| | | 0 | 0 | |
| | | 0 | 0 | |
| | | 0 | 0 | |
| | | 0 | 0 | |
| | | 0 | 0 | |

Total Program Credits Applied ▶    674

## Section F - Program Credit Notes

MCC credit effective 12/14/2020, in the amount of 84 days, had 14 days not applied due to Exceeds parole.
MCC credit effective 12/14/2021, in the amount of 42 days, had 42 days not applied due to Exceeds parole.
RAC credit effective 6/21/2022, in the amount of 10 days, had 10 days not applied due to Exceeds parole.
RAC credit effective 10/6/2023, in the amount of 10 days, had 10 days not applied due to Exceeds parole.

| CALCULATED BY (Name & Title) | | | DATE |
|---|---|---|---|
| J. Lopez  CCRA | | | 01/26/2024 |
| INMATE'S NAME | CDCR NUMBER | LOCATION | |
| PETERSON, DENNIS | P92157 | MCSP | |


[10]MCPL00443295[33]

## CALCULATION WORKSHEET - DETERMINATE (DSL)

| Credit Code | 3 | | | ▼ Case Number/s ▼ |
|---|---|---|---|---|
| CR Earned % | 20% | Earned Factor (A11) ▶ | 5 | 6213569 - DSL TERM ONLY |
| Vested  %  ▶ | 33.3% | Vested Factor (A4)  ▶ | 2 | |

### Section A - Original EPRD Calculation

This is the initial EPRD calculation that is done upon reception. This EPRD remains throughout the term, unless there is a change in credit earning status, program credits and/or credit losses/credit restorations.

A1. Start Date — 09/05/2000

A2. Plus Time Imposed + 1 YRS 0 MO
= 09/05/2001

A3. Minus PRE & Post (PST) Sentence Credit - 265 PRE 10 PST
= 12/04/2000

A4. Minus Vested Credit
Divide (A3 PST) by Vested Factor above. (Drop decimals) - 5
= 11/29/2000

A5. Plus Dead Time/minus Merit Credit + 0 DT - 0 MC

**A6. Equals Maximum Date** = 11/29/2000
If change in credit earning(s), credit loss, Reeves, program credits, etc. Stop here and proceed to Section B.

A7. Minus Day Before Start Date (Line A1) -

A8. Equals Days to Serve =

A9. Minus Dead Time (A5) -

A10. Equals Days where credit may be applied. =

A11. Equals CDCR Good Conduct Credit (GCC), divide (Line A10) by Earned Factor above. (Drop Decimals except Credit Code 2, Round Up) =

**A12. Maximum Date (Line A6)**

A13. Minus CDCR GCC (Line A11) -

A14. Equals Original EPRD =

### Section B - Recalculation of EPRD (change in credit earning status, credit loss/credit restoration, etc.)

**Step 1:** Accumulation of CDCR GCC for days previously earned and projected future credit. Record fractional amounts of credit (2 decimal places).

**B1. Maximum Date (Line A6)** = 11/29/2000

B2. Minus CDCR GCC Earned - 0.25
Section D Total Credit w/fractions or Section G (Line G9).

B3. Plus Net Credit Loss (Section E Total) + 0
Leave Line B3 Blank if Credit Code 2 (PC2931)

B4. Equals Current Release Date (CRD)* = 11/29/2000
Calculation ends here if:
- Credit Code 2 proceed to B12

B5. Minus Date Credit Applied Through - 09/05/2000
(Section D Only)

B6. Equals Days remaining to serve as = 85
of date credit applied.

B7. Divide Line B6 by Projected Factor as follows to project CDCR GCC. If Projected Factor is equal to 99, divide by 3 then multiply by 2.

| Projected % | Work Group | Projected Factor |
|---|---|---|
| 20% | A1 | 5.00 |

Equals Projected CDCR GCC = 17

B8. Total CDCR GCC - Accumulate Fractional Credit

Line B2 0.25 (incl. fractions)
+
Line B7 17 (incl. fractions) = 17.25

### Step 2: Recalculate EPRD

**B9. Maximum Date (Line A6/B1)** 11/29/2000

B10. Minus Total CDCR GCC - 17
(Line B8,drop decimals)

B11. Plus Net Credit Lost +
(Section E Total)

B12. Minus Program Credit 0
(Section F Total)

**B13. Equals Adjusted EPRD *** = 11/12/2000
* The CRD is an intermediate date and may exceed the maximum date; however, the Adjusted EPRD cannot exceed the Maximum Date.

Notes:

| CALCULATED BY | | | DATE |
|---|---|---|---|
| J. Lopez CCRA | | | 01/26/2024 |
| INMATE'S NAME | CDCR NUMBER | LOCATION | |
| PETERSON, DENNIS | P92157 | MCSP | |

**Calculation Worksheet - Determinate (DSL)**
CDCR 1897-IJ Access Version ( Ver. 1.06 8/22/2023 )
[10]MCPL0044395B3]

## Section D - Tracking Work Group (WG) Changes and CDCR Good Conduct Credit (GCC) Earned.

GCC is applied in whole day increments; however, fractional credit is accumulated and applied when the accumulated credit reaches a whole day. Record all fractions using 2 decimals and apply any credit earning changes through the first day of the current credit earning.
**Workgroups A1, A2, B, D1, U:**
Credit Earning 15% - Divide total days by 5.66, Credit Earning 20% - Divide total days by 4, Credit Earning 33.3% - Divide total days by 2 and Credit Earning 50% - Divide total days by 1
**Workgroups C and D2 earn zero for all offenders with two exceptions:**
1. Effective 5/1/2021 - 12/27/2021 workgroups C and D2 will earn credit at whatever percentage is allowable according to the regulations at that time.  Effective 12/28/2021 C and D2 will revert back to zero earning. 2. Offenders earning credit pursuant to PC 2931 or designated as Credit Code 2.
**For all Credit Earnings in Workgroup M & F:**
Effective 5/1/2021 - 12/27/2021, MSC awarded in lieu of enhanced GCC.
**Workgroup M – Determinate offenders only:**
50% Credit Earning; Effective 5/1/2017 66.6% - multiply total days by 2. Effective 12/28/2021 66.6% - multiply total days by 2 (includes 2nd striker)    33.3% Credit Earning: Effective 5/1/2017 33.3% - divide total days by 2.  Effective 12/28/2021 33.3% -divide total days by 2 (violent offender)
**Workgroup F – Determinate offenders only:**
50% Credit Earning: Effective 1/2/2003 66.6% - multiply total days by 2. Effective 12/28/2021 66.6% - multiply total days by 2 (includes 2nd striker)    20% Credit Earning:  Effective 5/1/2017 50% - divide total days by 1 (violent offender)
33.3% Credit Earning:  Effective 5/1/2017 66.6% -multiply total days by 2 (2nd striker). Effective 12/28/2021 50% - divide total days by 1 (violent offender)
* PC 2931 one-third or Credit Code 2 offenders – workgroup changes do not affect these calculations.  Leave Section D blank and proceed to Section G.

| Credit Rate | WG | From Date | Thru Date | Total Days* | Credit |
|---|---|---|---|---|---|
| 20% | A1 | 09/05/2000 | 09/05/2000 | 1 | 0.25 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |
| | | | | 0 | 0 |

**Applied & Unapplied Credit per SOMS**

| | | |
|---|---|---|
| | ▶▶▶▶ | 0 |
| **Total Credit** | ▶▶▶▶ | 0.25 |

*Total Days equals "Thru Date" minus "From Date" + 1 Day

## Section E - Tracking Credit Losses and Restorations

| CDCR 115 | Losses Lost | Rest | Net | CDCR 115 | Losses Lost | Rest | Net | CDCR 115 | Losses Lost | Rest | Net | CDCR 115 | Losses Lost | Rest | Net |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |

## Section E - Credit Loss Notes

Total ▶

## Section F - Program Credits Earned     ( 1-Exceeds Parole 2-PC 3058.6 3-PC 3058.9 4-Carryover, 5-Banked Credit )

| Type | Effective | Credit | N/A | Why? | Type | Effective | Credit | N/A | Why? | Type | Effective | Credit | N/A | Why? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | 0 | 0 | | | | 0 | 0 | | | | 0 | 0 | |
| | | 0 | 0 | | | | 0 | 0 | | | | 0 | 0 | |
| | | 0 | 0 | | | | 0 | 0 | | | | 0 | 0 | |
| | | 0 | 0 | | | | 0 | 0 | | | | 0 | 0 | |
| | | 0 | 0 | | | | 0 | 0 | | | | 0 | 0 | |
| | | 0 | 0 | | | | 0 | 0 | | | | 0 | 0 | |
| | | 0 | 0 | | | | 0 | 0 | | | | 0 | 0 | |
| | | 0 | 0 | | | | 0 | 0 | | | | 0 | 0 | |
| | | 0 | 0 | | | | 0 | 0 | | | | 0 | 0 | |
| | | 0 | 0 | | | | 0 | 0 | | | | 0 | 0 | |
| | | 0 | 0 | | | | 0 | 0 | | | | 0 | 0 | |
| | | 0 | 0 | | | | 0 | 0 | | | | 0 | 0 | |
| | | 0 | 0 | | | | 0 | 0 | | | | 0 | 0 | |
| | | 0 | 0 | | | | 0 | 0 | | | | 0 | 0 | |

Total Program Credits Applied ▶ | 0

## Section F - Program Credit Notes

| CALCULATED BY (Name & Title) | DATE |
|---|---|
| J. Lopez CCRA | 01/26/2024 |

| INMATE'S NAME | CDCR NUMBER | LOCATION |
|---|---|---|
| PETERSON, DENNIS | P92157 | MCSP |



CALIFORNIA DEPARTMENT *of*
Corrections and Rehabilitation

# OFFICE OF APPEALS DECISION

**Offender Name:** PETERSON, DENNIS ROY
**CDC#:** P92157
**Current Location:** MCSP-Facility E

**Date:** 06/19/2024

**Current Area/Bed:** E 021D1 - 105003L

**Log #:** 000000517494

## Claim # 001

**Received at Institution/Parole Region:** Mule Creek State Prison
**Submitted to Facility/Parole District:** Mule Creek State Prison
**Housing Area/Parole Unit:**
**Category:** Offender Case Records                              **Sub-Category:** Date Calculation

### I. ISSUE ON APPEAL

You assert you only have two prior strikes, however sentenced under the three strikes law.

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

Title 15, section 3481(e)

#### B. DOCUMENTS CONSIDERED

Grievance and Appeal log no. 517494; Abstract of Judgement Case no. VA144863; Minute Order Case No. 6213569; Appellate Court Opinion Case No. C036573

### III. REASONING AND DECISION

This claim concerns your conviction and your assertion your sentence is illegally imposed under the three strikes law as you only have two prior strikes. The Office of Appeals finds this claim is outside the Department's jurisdiction, as this claim concerns a dispute regarding a conviction imposed by Los Angeles Superior Court for case no. 6213569, which was upheld by the Court of Appeals Case No. C036573. Pursuant to Title 15, section 3481(e), a claimant does not have the ability to submit a grievance or appeal to dispute a policy, decision, action, condition, or omission that was not made by the Department. Therefore, this claim is denied.

### IV. REMEDY

Your claim has been denied. Therefore, there is no applicable remedy.

#### Decision: Denied

After a thorough review of all documents and evidence available at the time of this written decision, it is the order of the Office of Appeals that this claim is denied. This decision exhausts the administrative remedies available to the claimant within CDCR.

| Staff Signature | Title | Date/Time |
|---|---|---|
| J. Moeckly [MOJO037] | Reviewing Authority | 06/18/2024 |



CALIFORNIA DEPARTMENT OF
Corrections and Rehabilitation

# OFFICE OF GRIEVANCES DECISION

Offender Name:  PETERSON, DENNIS ROY

CDC#:  P92157

Current Location:  MCSP-Facility E

Date:  03/27/2024

Current Area/Bed: E 021D1 - 105003L

Log #:  000000517494

## Claim #:  001

Received at Institution/Parole Region:     Mule Creek State Prison
Submitted to Facility/Parole District:     Mule Creek State Prison
Housing Area/Parole Unit:
Category:  Offender Case Records                    **Sub-Category:**  Date Calculation

### I. CLAIM

Claimant alleges EPRD should be recalculated to reflect two strikes and not three strikes.  Claimant is requesting his sentence calculation be corrected.

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

Proposition (Prop) 57 effective 05/01/2017; 05/01/2021; 12/28/2021
California Code of Regulations (CCR), Title 15, Sections 3043, 3043.1, 3043.2
Penal Code (PC) 667(b)-(i), 1170.12, 2933.5
PEOPLE VS STOFLE (1996) 45 Cal.App.4th 417
CCR, Title 15, Section 3000, Definitions.
CCR, Title 15, Section 3001, Subject to Regulations.
CCR, Title 15, Section 3480, Claimant's Ability to Grieve and to Appeal.
CCR, Title 15, Section 3483, Grievance Review.

#### B. DOCUMENTS CONSIDERED

Grievance Log #517494
Abstract of Judgment Placer County Case #6213569
Minute Order Placer County Case #6213569
Resentencing Transcript dated 07/29/2022
Third Appellate District dated 07/09/2001
Sentencing Transcripts dated 03/25/2000
1397-U Calculation Worksheet date 03/27/2024

### III. REASONING AND DECISION

Claimant was sentenced as a non-violent second/third striker offender from Placer County Court Case #6213569 for HS11351 Possess Controlled Substance, HS11350(a) Possess Controlled Substance (sentence stayed), HS11366 Maintain Place Use/Sale of Controlled Substance and  case enhancement PC667.5(b) Prior Prison Term. Non Violent New Offense is any Felony for an indeterminate term of 25 years to life.

Case enhancement PC667.5 (b), Prior Prison Term/Non Violent New Offense is any Felony for 1 year is maintained as a non-violent second striker pursuant to Prop 57 Non Violent.

CALIFORNIA DEPARTMENT *of*
Corrections and Rehabilitation

# CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

**Offender Name:** PETERSON, DENNIS R.                **CDC#:** P92157

**Date:** 02/08/2024

**Current Location:** MCSP-Facility E              **Current Area/Bed:** E 021D1105003L

**From:** Office of Grievances at Mule Creek State Prison

**Re:** Log # 000000517494

The California Department of Corrections and Rehabilitation Office of Grievances at Mule Creek State Prison received your grievance on 02/08/2024. Your grievance has been assigned for review and response.

Pursuant to California Code of Regulations, title 15, the Office of Grievances will complete its review no later than 04/09/2024.

Please be informed that the Office of Grievances will not respond to any inquiries about the status of a grievance prior to the date shown above.

CDCR SOMS OGTT300
CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

```
LEGAL STATUS SUMMARY  TYPE: D        LONE        **DISCREPANT**  07/07/2009  21:37
------------------------------------------------------------------------------------
  CDC NUMBER  |  NAME                               |ETHNIC|   BIRTHDATE
    P92157    |  PETERSON,DENNIS,ROY                | WHI  |  09/09/1954
------------------------------------------------------------------------------------
  TERM STARTS |  LIFE TERM STARTS    MIN ELIGIBLE PAROLE DTE |
   09/05/2000 |   11/29/2000            12/07/2025           |
------------------------------------------------------------|  PAROLE PERIOD
                                     11/29/2025              |
BASE TERM 25/00 + ENHCMNTS   1/00 = TOT TERM  26/00 TO LIFE  | 5 YRS
------------------------------------------------------------------------------------

PRE-PRISON + POST SENTENCE CREDITS
CASE    P2900-5 P1203-3 P2900-1 CRC-CRED MH-CRED P4019   P2931 POST-SENT  TOT
------------------------------------------------------------------------------------
6213569
           177                                    88            10    275

REGISTRATION REQUIRED PER P290
REGISTRATION REQUIRED PER H11590
PC296 DNA COMPLETED

DOC. HEARING:      /        DEFENSE ATTORNEY:  COLE,L
INIT. HEARING: 10/2024      INVESTIGATING AGENCY:  AUBURN PD


------------------------------------------------------------------------------------
  RECV DT/ COUNTY/    CASE                SENTENCE DATE      CREDIT      OFFENSE
    CNT    OFF-CODE   DESCRIPTION                            CODE         DATE
------------------------------------------------------------------------------------
CONTROLLING PRINCIPAL & CONSECUTIVE   (INCLUDES ENHANCEMENTS/OFFENSES):

--CONTROLLING CASE --
 9/05/2000  PLA   6213569              8/25/2000  NO STRIKES: 3
               01 P667.5(B) PPT-NV                        3
  01 H11351
               POSS CS SALE                               35   03/02/2000

NON-CONTROLLING OFFENSES:
 9/05/2000  PLA   6213569              8/25/2000  NO STRIKES: 3
  03 H11366
               MAINTAIN PLACE USE/SALE OF CS              35   03/02/2000


------------------------------------------------------------------------------------
TRAN                                RULE          D A Y S
TYPE   DATE    END DATE LOG NUMBER  NUMBER  ASSESS LOST REST DEAD
------------------------------------------------------------------------------------
BEG 09/05/2000          ******BEG BAL*******
BCL 05/24/2001          B01050044 3016B         90    17
BCL 03/03/2002          B02030003 3005C         90
BCL 01/23/2005          05FA01086 3005C         61
BCL 06/10/2005          05FA06075 3016         120
BCL 02/28/2006          06FA02139 3016(A)      120
BCL 03/06/2006          06FA03013 3016(A)      120
BCL 04/28/2006          06FA04137 3005(C)       90

       ****** CONTINUED ******
```

P92157

1           IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

2                          COUNTY OF PLACER

3    DEPARTMENT NUMBER 13               HON. JAMES L. ROEDER, JUDGE

4                             --oOo--

5

6    THE PEOPLE OF THE STATE OF      )
     CALIFORNIA,                     )
7                                    )
                    Plaintiff,       )
8                                    )
            vs.                      )    No.  62-013569
9                                    )
     DENNIS ROY PETERSON,            )      FILED
10                                   )    PLACER COUNTY
                    Defendant.       )    SUPERIOR COURT OF CALIFORNIA
11   _____)
                                          AUG 3 1 2000
12                             --oOo--     JOHN MENDES, CLERK
                                          EXECUTIVE OFFICER & CLERK
13                    FRIDAY, AUGUST 25, 2000              Deputy

14                             --oOo--

15          (The above-entitled matter came on regularly this day

16   for probation hearing, judgment and sentencing.

17          The said defendant, Dennis Roy Peterson, was personally

18   present, and he was represented by Larry Cole, Attorney at Law.

19          The People were represented by Garen Horst, Deputy

20   District Attorney.

21          The Probation Department was represented by Norman Miller,

22   Deputy Probation Officer.

23          The Court Reporter was Jon Sasek, CSR 1650.

24          Proceedings were then had, to wit:)

25                             --oOo--

26

27

28

                                                                    1

1  thing stands out from day one, and that's addiction to drugs, and
2  the problems that arise from drug usage and drug addiction.

3      Now, I understand the philosophy of the Three Strikes Law.
4  I understand that the People of the State of California took a
5  position, your Honor, and said when they passed the proposition
6  that, you know, if they don't learn their lesson, put them in,
7  throw away the key for all intents and purposes, because that is
8  what this is going to amount to, 50 years to life.

9      That begs the question in my mind, your Honor, about what
10  lesson they need to learn. Is it a lesson about violence, or is
11  it a lesson about violent crimes?

12      I think Mr. Peterson learned that lesson after about 17
13  years of incarceration.

14      Is it a lesson about drugs? Well, I'm not sure that is a
15  lesson that everybody can just automatically learn without some
16  help, and that help has never been available.

17      He was proceeding to get that help, get that monkey off
18  his back, when all of this happened. And it happened because he
19  needed that help.

20      So my suggestion to the Court is that it strike one
21  strike, and apply only one strike, doubling the midterms as the
22  Court is required to do, or even upper terms, allowing
23  Mr. Peterson the opportunity finally to get some help and emerge
24  at some place down the road, maybe age 60 or 62, free of that drug
25  addiction and, perhaps, be allowed to live the rest of his life as
26  a productive citizen.

27      I think the interests of justice certainly support that
28  result.

1        I raised the Eighth Amendment issue in my Points and
2   Authorities, your Honor, and I'm fully aware that there is no case
3   on point, but it is an issue that has been floating around the
4   legal circles for quite some time with the Three Strikes Law, and
5   it is an issue, as I attempted to point out in my Points and
6   Authorities, that at least four Justices of the United States
7   Supreme Court have taken serious interest in, and when the right
8   case gets up there it remains to be seen what they would do with
9   that.

10       Certainly life without parole for the crimes that
11  Mr. Peterson stands convicted of can without apology arguably be
12  said to be cruel and unusual, and I would submit it on that.

13       COURT:  Okay.  Thank you.  People?

14       MR. HORST:  Yes, your Honor.  Has the Court been able to
15  review the statement in aggravation in opposition the People have
16  filed?

17       COURT:  I have read both the defendant's motion and the
18  People's response.

19       MR. HORST:  Thank you, your Honor.

20       The People do not want to restate all the comments we made
21  in there.  We would be submitting on that.

22       For the Court to entertain the action submitted by
23  Mr. Cole we would have to strike eight of the nine strikes.
24  The Court has considered the underlying basis of those strikes.
25  They are significant, violent felonies.  The facts are atrocious,
26  heinous.  This is a man who is a habitual sex offender, in the
27  People's view has been a predator to society.

28       This is not a minimal offense we are dealing with here,

4

1   a small amount of contraband. It was a significant amount of

2   contraband. He was found guilty of possession for sale,

3   distributing this contraband in our community.

4       We submit and concur with the probation officer's

5   recommendation in this case.

6       This is a sobering moment. It is not an easy thing for

7   anybody to do, but in applying the Three Strikes Law, however, it

8   was intended in this case.

9       Given the nature of this offense, the nature of his

10   record, we believe that Romero should be denied.

11       The People take issue with characterizing all this in

12   terms of an addiction. We have attempted to explain our position

13   in our papers. I don't want to restate that.

14       With those comments, your Honor, the People will submit.

15       MR. COLE: Your Honor, may I make one more point --

16       COURT: Sure.

17       MR. COLE: -- for Mr. Peterson's benefit?

18       Regardless of what your ultimate ruling is, there is going

19   to be a CDC commitment. His record as reflected on that

20   commitment, specifically the denotation of three of those crimes

21   as sodomy on a child under 14 or with violence -- and I understand

22   that's how the statute reads -- had the result of his being placed

23   in ad. seg. for a number of months early in his incarceration, and

24   it is a stigma that will follow him into the CDC program.

25       And the truth is that there was never a child under 14

26   involved. It was a spouse. And I think you are perfectly aware

27   of that.

28       I don't know the full extent of your authority to make

5

1   an order that would ask CDC to make sure his record is correct

2   and not misleading.

3        I do know the consequences of those who get into the

4   system that have a child molest jacket hung on them, and whatever

5   sentence you mete out to Mr. Peterson, it shouldn't be exacerbated

6   by his having to go into CDC with that jacket hung on him.

7        So if there is anything the Court could do to clean that

8   up and clear it up, I would request that it do so.

9        COURT:   Okay.

10       MR. HORST:   Your Honor, if the People can be heard just

11  briefly on that?

12       With respect to the 286(c), those convictions that were

13  cited in the Probation report, I understand that.   However, he has

14  been convicted of a felony 261.5, unlawful sexual intercourse with

15  a minor.   That involved a lesser plea to a situation where he was

16  accused of forcibly raping the minor.

17       If that's not molestation of a child, I don't know what it

18  is.

19       273(d), he was convicted of inflicting corporal injury on

20  an infant.

21       So with those comments, with those facts on his record, I

22  would suggest CDC is most appropriate to make these decisions.

23       I do concur with counsel that his record should be

24  accurately reflected on his rap sheet, and we can take steps to

25  fix that.

26       COURT:   Okay.   Just comment again for the record how long

27  was Mr. Peterson out of custody prior to the commission of the

28  offenses for which he was recently convicted?

6

1    MR. COLE:  Approximately six months, I believe, if I'm not
2    mistaken.

3    MR. HORST:  I believe his parole was discharged, and he
4    was released from parole custody upon his last violation in
5    November of '99.

6    MR. COLE:  Which was a drug violation, as I recall.  Dirty
7    test.

8    COURT:  In fairness to both the People and the defendant,
9    I want you to be aware that having heard this trial I anticipated
10   the sentencing hearing, and I have been thinking about this issue
11   since the trial, not just as a result of the recent filing.

12   Let me tell you what my tentative disposition would be,
13   and then if you have further comments I certainly invite them.

14   First, on the Romero motion, in considering the nature of
15   his record and the fact that he has not for a significant period
16   of time been without a violation of the law, I'm inclined to deny
17   the Romero motions fully aware of the sentence that has been
18   emphasized.

19   However, reviewing the nature of the convictions, and in
20   particular the conduct and evidence presented in support of those
21   convictions, it would be my intent to sentence Mr. Peterson to 25
22   years to life for Count One, which is the 11351.

23   Count Two would be a 25 years to life, but I think
24   accurately suggested by Probation would be stayed under Penal Code
25   Section 654.

26   Count Three is a 25 years to life, and reviewing the cases
27   that have instructed trial courts with regard to consecutive
28   versus concurrent sentencing, I believe the facts of this case

7

1    sufficiently warrant a concurrent sentence; that is, these

2    essentially occurred out of the same set of operative facts and

3    pretty much were on the same occasion.

4         The misdemeanors would be concurrent jail time, and he

5    would have, of course, the one-year enhancement consecutive for

6    the prior prison term.

7         And so my intent would be to impose a sentence that would

8    serve a sentence of life in prison with a minimum custody period

9    of 26 years.

10        And I'll invite your comments.  First, the People.

11        MR. HORST:  The People submit.

12        COURT:  Probation?

13        MR. MILLER:  Submitted, your Honor.  Thank you.

14        MR. COLE:  Submit, your Honor.  Thank you.

15        COURT:  Thank you.  Then based upon essentially the

16   defendant's criminal record and the nature and extent of it, and

17   not repeating the reasons that are set forth by the People in

18   opposition to the motion to strike, I will find there is

19   insufficient grounds to strike the defendant's prior convictions

20   for sentencing purposes, and that motion will be denied.

21        Waive formal arraignment for judgment and sentence?

22        MR. COLE:  Waive.

23        COURT:  Any legal cause to not impose sentence?

24        MR. COLE:  No, your Honor.

25        COURT:  Mr. Peterson, you are not, of course, a candidate

26   for probation.  That is going to be denied.

27        The principal term will be found in Count One for your

28   conviction of Health and Safety Code Section 11351, which is

8

1   possession for sale of cocaine, and based upon the strikes you

2   will receive a sentence of 25 years to life.

3       You were convicted by the jury of Count Two, which is a

4   violation of Health and Safety Code Section 11350.  You will

5   similarly receive a sentence of 25 years to life, but that will be

6   stayed under Penal Code Section 654, and that stay will become

7   permanent upon your completion of the total aggregate term of this

8   sentence.

9       Count Three is a violation of Health and Safety Code

10  Section 11366, maintaining a place for using or selling cocaine.

11      The facts of this case essentially are that you were

12  residing in the motel room at the Elmwood Motel.  The evidence is

13  that there was drug use at that facility.

14      The evidence further is that you appeared at that motel,

15  immediately attempted to flee through the window, and the cocaine

16  was found near your presence.

17      I find that for purposes of concurrent sentencing,

18  reviewing People vs. Deloza, a 1998 case found at 18 Cal.4th 585,

19  reviewing the case of People vs. Durant, 1999 case, 68 Cal.App.4th

20  1393; People vs. Hendrix, a 1997 case found at 16 Cal.4th, 508, as

21  well as a number of other cases similarly situation, I find that

22  this crime, that is, Count Three, occurred basically on the same

23  occasion as Counts One and Two, and that there is a close temporal

24  and spacious proximity between the acts underlying those

25  convictions.

26      I also find that they arise out of the same set of

27  operative facts; that is, that the facts of the case which prove

28  the underlying acts on which this defendant has been found

9

1    guilty with regard to each of those three counts.

2          So for those reasons you will be sentenced in Count Three

3    to 25 years to life, and that will run concurrent.

4          Count Four is Health and Safety Code 11550, subparagraph

5    (a). For that misdemeanor you will receive six months, and that

6    will run concurrent.

7          Count Five is Business and Professions Code Section 4140.

8    For that you will receive six months, and that will run

9    concurrent.

10         And you have the one-year enhancement for the prior prison

11   term under Penal Code Section 667.5, subparagraph (b).

12         So you have essentially a 26 years to life.  And more

13   appropriately stated, it is the intent of the Court in imposing

14   that sentence that you serve a sentence of life in prison with a

15   minimum custody period of 26 years.

16         You have credit for 177 actual days and 88 conduct, for a

17   total of 265.

18         I would remind you that you will, of course, be required

19   to register as a convicted narcotics offender under Health and

20   Safety Code Section 11590 if you do obtain parole.

21         I will order a restitution fine under Penal Code Section

22   1202.4 of $5,000.

23         And under Penal Code Section 1202.45 a similar fine will

24   be imposed, unless you are granted parole and it is suspended.

25         You were court-appointed?

26         MR. COLE:  Yes, your Honor.

27         COURT:  I will waive court-appointed fees in light of the

28   state prison commitment.

                                                              10

1           MR. COLE:  Thank you, your Honor.

2           COURT:  The defendant is remanded to the custody of the

3   sheriff for transportation to the Department of Corrections.

4           In light of the comments earlier regarding his record and

5   the nature of that record, I am going to direct that the reporter

6   prepare a transcript of these proceedings.

7           I will direct that the defendant's motion to strike the

8   prior convictions, the People's statement of aggravation and in

9   opposition to that motion, and the transcript of these sentencing

10  proceedings be forwarded with the defendant to the Department of

11  Corrections for their review.

12          MR. COLE:  Thank you, your Honor.

13          COURT:  Thank you.

14                              --o0o--

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                          11

1                        REPORTER'S CERTIFICATE

2

3

4    STATE OF CALIFORNIA      )
                              )    ss.
5    COUNTY OF PLACER         )

6

7

8         I, JON SASEK, Certified Shorthand Reporter of the

9    Superior Court, County of Placer, State of California,

10   do hereby certify that the foregoing pages, 1 through 11,

11   inclusive, comprise a full, true and correct transcript of

12   the proceedings had in the above-entitled matter held on Friday,

13   August 25, 2000, to the best of my ability.

          I also certify that if portions of the transcript are
14
     governed by the provisions of C.C.P. 237(a)(2), that all
15
     personal juror identifying information has been redacted.
16
          IN WITNESS WHEREOF, I have subscribed this certificate
17
     at Auburn, California, this _____ day of August, 2000.
18

19

20                                _____
                                  JON SASEK, CSR 1650
21                                Official Court Reporter
                                  County of Placer
22

23

24

25

26

27

28

                                                              12

1    and that a term was served as described in Penal Code section

2    667.5 for said offense(s), and that the  did not remain free of

3    prison custody for, and did commit an offense resulting in a felony

4    conviction during, a period of five years subsequent to the

5    conclusion of said term.

6

7                **SPECIAL ALLEGATION - ELIGIBILITY FOR PROBATION**

8        It is further alleged as to count one, two, three that said

9    defendant Dennis Roy Peterson, was convicted of the following

10   felonies, within the meaning of Penal Code section 1203(e)(4):

11

12   | On/about | Rape Spouse | Violation | | Case No. | County |
     |---|---|---|---|---|---|
     | 10/3/85 | | 262(a) | | 71859 | Sacramento |

13   Domestic Violence    262(a)

14        All same    262(a)        First strike
          set of facts    286(c)

15                286(c)
                286(c)

16                288a(c)
     all one strike    245

17     Count 10 —    273d
     of second strike  ⟩261.5

18   1/7/75    211            10127/B-61827  Solano
                12022.5

19                261.3        Second strike

20

21        I declare under penalty of perjury that the foregoing is true

22   and correct.  Executed March 22, 2000 at Auburn, Placer County,

23   California.

24   BRADFORD R. FENOCCHIO, DISTRICT ATTORNEY

25

26   By:

27        GAREN J. HORST,
          DEPUTY DISTRICT ATTORNEY

28   GJH

1
2
3
4
5

## SPECIAL THREE STRIKES ALLEGATION

6    It is further alleged pursuant to Penal Code sections 1170.12(a)

7  through (d) and 667(b) through (i) as to count one that the

8  defendant(s) Dennis Roy Peterson, has suffered the following prior

9  conviction(s) of a serious or violent felony or juvenile

10  adjudication:

11

| On/about | Violation | Case No. | County |
|----------|-----------|----------|--------|
| 10/3/85 | 262(a) | 71859 | Sacramento |
|  | 262(a) |  |  |
|  | 262(a) |  |  |
|  | 286(c) |  |  |
|  | 286(c) |  |  |
|  | 286(c) |  |  |
|  | 288a(c) |  |  |
| 1/7/75 | 211 | 10127/B-61827 | Solano |
|  | 12022.5 |  |  |
|  | 261.3 |  |  |

12
13
14
15
16
17
18

19

## ALLEGATION OF PRIOR PRISON TERM

20    It is further alleged as to count one pursuant to Penal Code

21  Section 667.5(b) that the defendant(s) Dennis Roy Peterson, has

22  suffered the following prior conviction(s):

| On/about | Violation | Case No. | County |
|----------|-----------|----------|--------|
| 10/3/85 | 262(a) | 71859 | Sacramento |
|  | 262(a) |  |  |
|  | 262(a) |  |  |
|  | 286(c) |  |  |
|  | 286(c) |  |  |
|  | 286(c) |  |  |
|  | 288a(c) |  |  |

23
24
25
26
27
28

4

1  to do so is a crime pursuant to Health and Safety Code section
2  11594."

3                          **COUNT FOUR**

4       On or about March 2, 2000, in the County of Placer, State of
5  California, the crime of UNDER INFLUENCE OF A CONTROLLED SUBSTANCE,
6  in violation of section 11550(a) of the Health & Safety Code, a
7  misdemeanor, was committed by Mary Margaret Ferrell, Robert William
8  Elkins, Dennis Roy Peterson, and Karen Lynn Ristau, who did willfully
9  and unlawfully use and be under the influence of a controlled
10  substance, to wit, cocaine.

11

12       "NOTICE: Conviction of this offense will require you to
13  register pursuant to Health and Safety Code section 11590.  Failure
14  to do so is a crime pursuant to Health and Safety Code section
15  11594."

16                          **COUNT FIVE**

17       On or about March 2, 2000, in the County of Placer, State of
18  California, the crime of UNAUTHORIZED POSSESSION OF HYPODERMIC NEEDLE
19  OR SYRINGE, in violation of section 4140 of the Business &
20  Professions Code, a misdemeanor, was committed by Dennis Roy
21  Peterson, who did willfully and unlawfully have in his possession and
22  under his/her control a hypodermic needle and syringe.

23

24

25

26

27

28

                                3

1      "Notice: Conviction of this offense will require you to
2  register pursuant to Health and Safety Code section 11590.  Failure
3  to do so is a crime pursuant to Health and Safety Code section
4  11594."

5                          **COUNT TWO**

6      On or about March 2, 2000, in the County of Placer, State of
7  California, the crime of POSSESSION OF A CONTROLLED SUBSTANCE, in
8  violation of section 11350(a) of the Health & Safety Code, a felony,
9  was committed by Mary Margaret Ferrell and Dennis Roy Peterson, who
10  did willfully and unlawfully have in his/her possession a controlled
11  substance, to wit, cocaine.

12

13      "Notice: Conviction of this offense will require you to
14  register pursuant to Health and Safety Code section 11590.  Failure
15  to do so is a crime pursuant to Health and Safety Code section
16  11594."

17                         **COUNT THREE**

18      On or about March 2, 2000, in the County of Placer, State of
19  California, the crime of MAINTAINING PLACE FOR SELLING OR USING
20  CONTROLLED SUBSTANCE, in violation of section 11366 of the Health &
21  Safety Code, a felony, was committed by Mary Margaret Ferrell and
22  Dennis Roy Peterson, who did willfully and unlawfully open and
23  maintain a place for the purpose of unlawfully selling, giving away,
24  and using a controlled substance, to wit, cocaine.

25

26      "Notice: Conviction of this offense will require you to
27  register pursuant to Health and Safety Code section 11590.  Failure

28

                                    2



THE FOREGOING INSTRUMENT
IS A CORRECT COPY OF THE
ORIGINAL ON FILE IN THIS
OFFICE.

ATTEST:
        John Mendes
Superior Court Clerk,
County of Placer, State
of California.
By _____ Deputy

1  BRADFORD R. FENOCCHIO,
   Placer County District Attorney                    **F I L E D**
2  State Bar No. 80027                                 PLACER COUNTY
   11562 B Avenue                            SUPERIOR COURT OF CALIFORNIA
3  Auburn, CA.  95603-2687                              APR 1 0 2000

4  Tel:  (530) 889-7000                              JOHN MENDES
5  Fax:  (530) 889-7129                    EXECUTIVE OFFICER/& CLERK
                                                                _ Deputy
6                                            By

7

8                    **SUPERIOR COURT OF CALIFORNIA**

9                        **COUNTY OF PLACER**

10                             --o0o--

11  THE PEOPLE OF THE                        NOS. 62-013569C
                 STATE OF CALIFORNIA,              62-013569B
12                                                 62-013569A
                          Plaintiff,               62-013569D
13            -vs-

14  DENNIS ROY PETERSON
15  MARY MARGARET FERRELL                    **FIRST AMENDED**
        aka Maria Ferrelle                   **FELONY COMPLAINT**
16  ROBERT WILLIAM ELKINS
    KAREN LYNN RISTAU                        **COMPLAINT DEEMED**
17      aka Karen Lynn Douglas
                                             **INFORMATION AND**
18                       Defendants.         **FILED ON APR 1 7 2000**
                                  /                   , Deputy Clerk
19

20        THIRD STRIKE    **COUNT ONE**

21     On or about March 2, 2000, in the County of Placer, State of
22  California, the crime of POSSESSION FOR SALE OF A CONTROLLED
23  SUBSTANCE, in violation of section 11351 of the Health & Safety Code,
24  a felony, was committed by Dennis Roy Peterson, who did willfully and
25  unlawfully possess for sale and purchase for sale a controlled
26  substance, to wit, cocaine.
27

28

                                   1

RECEIVED
Placer County Superior Court

F I L E D
PLACER COUNTY
SUPERIOR COURT OF CALIFORNIA

AUG 2 1 2000                    AUG 2 5 2000

Criminal Division

JOHN MENDES
EXECUTIVE OFFICER & CLERK
By _____ Deputy

COURT _____
D.A. _____
P.D. _____
ATTY. _____
SEN. JUDGE ___
PARENT _____

PLACER COUNTY PROBATION DEPARTMENT
11564 "C" AVENUE
AUBURN, CA  95603
(530) 889-7900

SUPERIOR COURT OF CALIFORNIA – COUNTY OF PLACER

PEOPLE OF THE STATE OF CALIFORNIA,   )   Department: 13
                                     )        Judge: Roeder
                         Plaintiff,  )    Case No.: 62-13569
                                     )
            vs.                      )
                                     )   PROBATION OFFICER'S
DENNIS ROY PETERSON,                 )      REPORT
                                     )
                        Defendant.   )
                                     )   X  Presentence
_____)

**AGE:** 45        **BORN:** September 9, 1954

**ADDRESS:**  Placer County Jail

**DATE COMMITTED:**  March 2, 2000

**DATE OF ARREST:**  March 2, 2000

**TIME IN CUSTODY:**  177 days (actual)

**FELONY COMPLAINT FILED:**  First Amended - March 22, 2000

**INFORMATION FILED:**  Not Applicable

**GUILTY BY:**  Jury Trial

**GUILTY OF:**    **COUNT ONE:** 11351 H&S, POSSESSION FOR SALE OF A
                 CONTROLLED SUBSTANCE (COCAINE), a felony;
                 **COUNT TWO:** 11350(a) H&S, POSSESSION OF A CONTROLLED
                 SUBSTANCE (COCAINE), a felony;
                 **COUNT THREE:** 11366 H&S, MAINTAINING A PLACE FOR
                 SELLING OR USING A CONTROLLED SUBSTANCE (COCAINE), a
                 felony;
                 **COUNT FOUR:** 11550(a) H&S, UNDER THE INFLUENCE OF A
                 CONTROLLED SUBSTANCE (COCAINE), a misdemeanor;
                 **COUNT FIVE:** 4140 B&P, POSSESSION OF A HYPODERMIC
                 NEEDLE OR SYRINGE, a misdemeanor;

Additionally, the defendant admitted the following allegations:

Allegation within the meaning of Sections 1170.12(a) through (d) and 667(b) through (i) PC, admitting ten prior violent serious felony convictions; to include seven on October 3, 1985, and three on January 1, 1975, making this a Special Three Strikes Allegation.

Allegation within the meaning of Section 667.5(b) PC, admitting one prior prison term.

Allegation within the meaning of Section 1203(e)(4) PC, as to COUNTS ONE, TWO and THREE, alleging 13 prior felony convictions.

**REPRESENTED BY:**    Larry Cole
1407 Lincoln Way
Auburn, CA 95603

**REFERRAL TO PROBATION OFFICER:**  July 12, 2000

**JUDGEMENT AND SENTENCING:**  August 25, 2000

**PROBATION OFFICER'S RECOMMENDATION:**  Department of Correction

COURT _____
D.A. _____
P.O. _____
ATTY. _____
SEN JUDGE ___
PARENT _____

1

2

3

**PRESENT OFFENSE:**

> The defendant was found in possession of, and under the influence of, cocaine.

4

5

6

7

The following information was taken, in summary, from Placer County Special Investigations Unit Report No. P00-036-AU, and Placer County District Attorney Records:

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

On March 2, 2000, Special Investigations Unit (SIU) agents executed a search warrant on the defendant, PETERSON, at the Elmwood Motel. As SIU agents conducted a surveillance of the motel, they observed a male, thought to be PETERSON, enter Room 215. Because of this, agents approached that room. Upon their arrival, the saw the front door partially open. As the agents knocked on the door and announced, "Sheriff's Department, search warrant," the door opened even more and they saw three people inside the room. Sitting on the bed together were Robert Elkins and Christy Rustau. Mary Farrell was standing between the bed and a desk. On top of the desk the agents observed a metal spoon containing a substance later identified as cocaine. All three persons were detained and placed in handcuffs. PETERSON was not present in the room. As the agents spoke with the three individuals detained, all were noted displaying objective systems of being under the influence of a controlled substance.

25

///

26

///

27

-3-

PLACER COUNTY
PROBATION DEPARTMENT

COURT _____
D.A. _____
P.D. _____
ATTY. _____
SEN. JUDGE _____
PARENT _____

1  Farrell told agents she was on informal probation with search and

2  seizure conditions and it was discovered that Elkins was on

3  parole supervision.

4

5  Agents searched the room and located a metal spoon

6  containing approximately .9 grams of a substance later identified

7  as cocaine, several pieces of wet cotton saturated with

8  approximately 2.9 grams of a substance later identified as

9  cocaine, paperwork addressed to both PETERSON and Farrell, a

10  metal lid containing approximately .51 grams of a substance later

11  identified as cocaine, four empty paper bindles and two clear

12  capsules containing approximately 1.4 grams of a substance later

13  identified as cocaine.

14  Having been read her Miranda rights, Farrell stated to the

15  agents that the motel room was under her name and that she and

16  PETERSON had been living there for approximately three weeks.

17

18  She stated she had used cocaine earlier in the day and said all

19  the cocaine in the room belonged to her.  Farrell stated she got

20  the cocaine from PETERSON and denied selling that substance.

21  Farrell was arrested and transported, without incident, to the

22  Placer County Jail.

23  Agents contacted the Auburn Police Department dispatch and

24  requested a bulletin be issued for the arrest of PETERSON.  Later

25  that day, agents received a telephone call from the Auburn Police

26  Department notifying them they had arrested PETERSON.

27

-4-

COURT _____
D.A. _____
P.O. _____
ATTY. _____
SEN. JUDGE ____
PARENT _____
_____ _____

Auburn officers stated they had received a telephone call from an anonymous caller stating PETERSON was in his motel room. Upon the officers' arrival, PETERSON saw them and tried to flee out of a second story motel room window.  PETERSON was found outside the motel hiding in the bushes.  Found within inches of his person was a red handkerchief, hypodermic needles/syringes, a paper bindle containing 1.5 grams of a substance later identified as cocaine, a ziplock baggie containing approximately 28 grams of a substance later identified as cocaine, other ziplock baggies containing approximately .9 grams and .2 grams of a substance later identified as cocaine.

Following his Miranda advisement, PETERSON made the following statements in summary:

PETERSON stated he had been living at the Elmwood Motel with Farrell for approximately three weeks.  He said he knew nothing of the cocaine found in the motel room and denied any knowledge of the cocaine found near him.  He did admit to agents that he occasionally used cocaine and sold it to others to pay for living expenses.  He told agents that his cocaine source lives in El Dorado County.

As a result of the previous search and this subsequent arrest of PETERSON, officers discovered a total of approximately 36 grams of cocaine, hypodermic needles/syringes, packaging and other drug paraphernalia indicating sales of that substance.

PLACER COUNTY
PROBATION DEPARTMENT

1        PETERSON was transported, without incident, to the Placer

2    County Jail for booking where he has remained in custody since.

3        On July 12, 2000, PETERSON was convicted by Jury Trial of

4    the three felony and two misdemeanor charges noted on the face

5    sheet of this report.  During the conduct of that trial, PETERSON

6    had earlier admitted the allegations noted on the face sheet of

7    this report.  On July 12, 2000, the Court referred this matter to

8    the Probation Department for a Presentence Investigation Report

9
10   to be heard August 25, 2000.

11

12   **STATUS OF CODEFENDANTS:**

13       On June 20, 2000, Mary Ferrell pled guilty to violating

14   Section 11350(a) H&S Code, Possession of a Controlled Substance,

15   a felony, 11366 H&S Code, Maintaining a Place for Sale, a felony

16   and 11550(a) H&S Code, Under the influence of a Controlled

17   Substance, a misdemeanor.  Additionally, in Case 62-14298,

18   Farrell admitted a violation of Section 242 PC, Battery, a

19   misdemeanor.  On July 19, 2000, Farrell was sentenced to a two

20
21   year term of confinement in the California Department of

22   Corrections.

23       District Attorney records reflect charges against Robert

24   William Elkins were dismissed without prejudice.

25   /////

26   /////

27

-6-

COURT _____
D.A. _____
P.D. _____
ATTY. _____
SEN. JUDGE _____
PARENT _____
_____

On May 23, 2000, Karen Lynn Rustau admitted violating Section 11350(a) H&S Code, Possession of a Controlled Substance, a felony and 243(b) PC, Battery on Peace Officer/Firefighter, a specified misdemeanor.  Sentencing was set for July 25, 2000, with a recommendation for four years formal probation and 90 days confinement in the Placer County Jail.

**ENHANCEMENTS:**

Because of the allegations admitted by the defendant, he is both statutorily and presumptively ineligible for probation.  By law, the defendant can receive no other sentence than a California Department of Corrections term which must be a term of 25 years to life.  Further, the defendant has admitted one prior prison term and must receive a term of confinement in the California Department of Corrections of one year in addition to, and consecutive to, any other term ordered.

**DEFENDANT'S STATEMENT - OFFENSE:**

PETERSON did not provide a written description of the present offense.  However, during his probation interview, he made the following verbal statements in summary:

/ / / / /

/ / / / /

/ / / / /

-7-

COURT _____
D.A. _____
P.D. _____
ATTY. _____
SEN. JUDGE ____
PARENT _____
_____

1   PETERSON said he disagreed entirely with the

2   police/investigation reports. PETERSON said he came to the

3   Auburn area, "to try to get help," for his acknowledged drug

4   addiction. He stated he was, "the victim of circumstances."

5   PETERSON said that his girlfriend (Farrell) had the drugs but,

6   because PETERSON was in the same room, he was equally guilty.

7   PETERSON stated that, since paroled from the California

8   Department of Corrections, he had been trying to get help by

9   getting into a drug rehabilitation program. PETERSON said he was

10  discharged from parole November, 1999.

11  

12  

13  **DEFENDANT'S STATEMENT - PROBATION:**

14  PETERSON did not provide a written statement regarding the

15  granting of probation. During his probation interview, PETERSON

16  stated that he was, "not expecting probation." PETERSON was

17  aware of his probation ineligibility and the consequences of the

18  allegations that he pled.

19  

20  /////

21  /////

22  /////

23  /////

24  /////

25  /////

26  /////

27  

-8-

COURT _____
D.A. _____
P.D. _____
ATTY. _____
SEN. JUDGE _____
PARENT _____

**PRIOR RECORD:**

A copy of the defendant's criminal history as obtained under C.I.I. No. A03959757, reflects the following:

| DATE | AGENCY | CHARGE | DISPOSITION |
|------|--------|--------|-------------|
| 12-23-69 | CUSTODY:CYA<br>CAYA PERKINS<br>#93452 | CT: 01,<br>=JUVENILE<br>RUNAWAY | |
| 07-31-70 | | | PAROLE<br>RECVD BY:<br>CAPA YOUTH<br>AUTHORITY |
| 03-31-72 | | | DISPO:<br>DISCHARGED FROM<br>PAROLE<br>COM:<br>CHRG-RANCH<br>RUNAWAY/SEN FROM<br>SACRAMENTO COUNTY |
| 09-10-74 | CAMC SACRAMENTO<br>#54153T | CT: 01,<br>23102(A) VC-MISD<br>DRUNK DRIVING ON<br>HIGHWAY | CONVICTED<br>SEN"<br>4 DS JL CTS, $190<br>FINE |
| 01-06-75 | CASC SOLANO<br>#10127 | CT: 01,<br>211 PC-ROBBERY | CONVICTED |
| 01-07-75 | CUSTODY:CDC<br>CASD<br>CORRECTIONS<br>#B-61827 | CT: 01,<br>211 PC-<br>ROBBERY:FIRST<br>DEGREE | SEN:<br>5 YR TO LIFE CS<br>W/CT:02, |
| | | CT: 02,<br>12022.5 PC-W/USE<br>OF FIREARM | 5 YR TO LIFE, |
| | | CT: 03,<br>261.3 PC-RAPE BY<br>THREAT | SEN:<br>3 YR TO LIFE CC<br>W/CTS 1 & 2, |

strike one →

/////
/////

-9-

COURT _____
D.A. _____
P.D. _____
ATTY. _____
SEN. JUDGE ____
PARENT _____
_____

| | | | |
|---|---|---|---|
| 1 | 09-05-78 | | DISPO: PAROLED RECVD BY: CAPA SACRAMENTO CO |
| 2 | | | |
| 3 | | | |
| 4 | 10-29-79 | | DISCHARGED FROM PAROLE . |
| 5 | | | |
| 6 | 08-17-81 | CAMC SACRAMENTO #56801F | CT: 03, 23102 VC-MISDEMEANOR/DUI LIQUOR/DRUG — CONVICTED SEN: 12 MO PROB., FINE OR 12 DS JL |
| 7 | | | |
| 8 | ///// | | |
| 9 | ///// | | |
| 10 | ///// | | |
| 11 | ///// | | |
| 12 | ///// | | |
| 13 | ///// | | |
| 14 | ///// | | |
| 15 | ///// | | |
| 16 | ///// | | |
| 17 | ///// | | |
| 18 | ///// | | |
| 19 | ///// | | |
| 20 | ///// | | |
| 21 | ///// | | |
| 22 | ///// | | |
| 23 | ///// | | |
| 24 | ///// | | |
| 25 | ///// | | |
| 26 | ///// | | |
| 27 | ///// | | |

-10-



Strike two

1   12-02-85        CASD                CT: 01,
                    CORRECTIONS         262(A)(1) PC-RAPE
2                   #D18704             OF SPOUSE BY
                                        FORCE
3                                       CRT #:71859

4
                                        CT: 02-03,
5                                       262(A)(1) PC-RAPE
                                        OF SPOUSE BY
6                                       FORCE
                                        CRT #:71859
7
                                        CT: 04-06,
8                                       286(C) PC-SODOMY
                                        W/PERSON UND 14
9                                       YR OR W/FORCE
                                        CRT #:71859
10

11                                      CT: 07,
                                        288A(C) PC-ORAL,
12                                      COP:14/ETC OR BY
                                        FORCE/ETC
13                                      CRT #:71859

14
                                        CT: 08,
15                                      245(A) PC-ASSAULT
                                        WITH DEADLY
16                                      WEAPON
                                        CRT #:71859
17                                      245(A) PC-ASSAULT
                                        WITH DEADLY
18                                      WEAPON
                                        CRT #: 71859
19

20                                      CT: 09,
                                        273D PC-INFLICT
21                                      INJURY UPON CHILD
                                        CRT #:71859
22

23      Count 10 DA used            →   CT: 10,              SEN FROM:
        to lie to the court             261.5 PC-UNLAWFUL    SACRAMENTO CO CRT
24                                      SEXUAL               #71859
        Saying if was not this          INTERCOURSE          SEN:
25      strike or guns of prior or      W/MINOR    17 435    244 MOS PRISON
        ///// is not real strike and
26      ///// the 1203.06 would need
        these are _____
27      showing the strikes

                                        -11-

COURT _____
D.A. _____
P.D. _____
ATTY. _____
SEN. JUDGE _____
PARENT _____

| | | | |
|---|---|---|---|
| 05-07-96 | CUSTODY:CDC CASD CORRECTIONS #D18704 | CT: 01, VIOLATION OF PAROLE | -TO FINISH TERM COM: CCN-5193P316909 |
| 05-08-98 | CUSTODY:CDC CASD CORRECTIONS #D18704 | CT: 01, VIOLATION OF PAROLE | -TO FINISH TERM |
| 07-23-99 | CASP TRACY #D18704 | CT: 01, VIOLATION OF PAROLE | -TO FINISH TERM |

A check with the Department of Motor Vehicles under California Driver's License No.E0824120, reflects the defendant's license is valid, with no departmental actions, convictions, failures to appear or accidents.

**SOCIAL STUDY:**

The following information was provided by the defendant during his probation interview, and has not been verified:

DENNIS ROY PETERSON was born September 9, 1954, in Sacramento, California.  He is the first of two children born to the married union of Roy Edward and Anita Peterson (nee: Rosenvelt).  PETERSON'S parents' separated and divorced when he was age five and he has had no contact with his father for approximately 20 years.  The defendant's mother is a retired business owner.

///

PLACER COUNTY
PROBATION DEPARTMENT

COURT _____
D.A. _____
P.D. _____
ATTY. _____
SEN. JUDGE ___
PARENT _____
_____

1  PETERSON said he maintains no contact with any of his family

2  members including a younger sister and two half brothers by his

3  mother from two different marriages.  He maintains contact only

4  with a cousin, Dale Ellis, with whom he lived at 6111 Rio Linda

5  Boulevard in Rio Linda, California 95673.  PETERSON said that,

6  except for a period of incarceration in California Department of

7  Corrections, he has lived his entire life in Roseville, Rio Linda

8  and Sacramento.  He described his childhood as, "rotten," stating

9  he was molested at age five by his step-father.  PETERSON said,

10  "(he) led a life of crime since - also a life of alcohol and

11  drugs."  PETERSON said that his mother had several

12  boyfriends/husbands and, "all of them beat us - we were tossed

13  back and forth between our mother and father."

14  

15      PETERSON last attended Rio Linda High School but quit,

16  during the tenth grade, to enlist in the Army National Guard.  He

17  earned his high school GED equivalency while in training.  The

18  defendant has attended no other formal education.

19  

20      As previously noted, PETERSON served in the Army National

21  Guard and received an Honorable Medical Discharge as a Private

22  E-2.

23  /////

24  /////

25  /////

26  /////

27  

PLACER COUNTY
PROBATION DEPARTMENT

COURT _____
D.A. _____
P.D. _____
ATTY. _____
SEN. JUDGE _____
PARENT _____

PETERSON married Patty Chestnut in 1972 and they divorced in 1975. He married Denise Shannon in 1983 and they divorced in 1985. The defendant married Barbara Huddleston in 1995 and they separated in 1997, but are not yet divorced. The defendant has two daughters, ages 28 and 17. He said he has fathered no other children.

PETERSON describes his health as, "poor," stating he has a serious allergy problem to molds and air conditioned air and suffers from arthritis. The defendant currently takes prescription medication for allergys, arthritis and anxiety.

Regarding his history of drug and alcohol use, PETERSON stated that he is a, "alcoholic and drug addict." He said he began consuming alcohol at age 18 and stated, "all (he) want(s) to do when (he) get(s) out of custody is drink and do drugs." PETERSON said that his drug of choice is methamphetamine and he will, "drink anything." PETERSON stated that he has never been to a drug or alcohol treatment program but that he was number 14 on a waiting list for South Placer Recovery Home when arrested in the instant offenses.

/////

/////

/////

/////

/////

-14-

COURT _____
D.A. _____
P.D. _____
ATTY. _____
SEN. JUDGE ____
PARENT _____

**FINANCIAL CONSIDERATION:**

When arrested in the instant offenses, PETERSON had been working, for two weeks, as a cook at the Coffee Kup Restaurant in Auburn, California.  PETERSON said he has worked at several gas stations and has been involved in direct sales and window installation.

Based on the mandated disposition in this matter, local general fines and penalties are not recommended.  However, a State Restitution Fund Fine and payments to the State Restitution Fund in access of the minimum mandated will be recommended.

**PROBATION ELIGIBILITY:**

Pursuant to Section 1170.12(a) through (d) and 667(b) through (i) PC, the defendant is statutorily ineligible for probation.

Because the defendant has admitted numerous prior felony convictions, he is presumptively ineligible for probation pursuant to Section 1203(e)(4) PC, unless the Court deems this an unusual case for the purpose of granting probation.

/////

/////

/////

/////

/////

-15-

PLACER COUNTY
PROBATION DEPARTMENT

**RULE 413 - CRITERIA AFFECTING PROBATION IN UNUSUAL CASES:**

Having considered the criteria by which the Court may deem this case unusual for the purpose of granting probation, this officer finds no facts which would indicate the existence of an unusual case.  It is recommended the Court not deem this case unusual.  Regardless, the defendant remains statutorily ineligible for probation.

**RULE 421 - CIRCUMSTANCES IN AGGRAVATION:**

(a)  **Facts relating to the crime:**

*(8)  The manner in which the crime was carried out indicates planning, sophistication, or professionalism.*

Elements of the offense, possession and sales of illegal narcotics/drugs, indicate planning with some sophistication and professionalism.

*(10)  The crime involved a large quantity of contraband.*

These crimes involved a large quantity of illegal narcotics/drugs.

/////

/////

/////

/////

-16-

COURT _____
D.A. _____
P.D. _____
ATTY. _____
SEN JUDGE _____
PARENT _____

**(b)   Facts relating to the defendant:**

*(2)   The defendant's prior record of convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness.*

The defendant has a lengthy prior record with numerous felony convictions.

*(3)   The defendant has served a prior prison term.*

The defendant has served a prior prison term.   However, because of an admitted allegation within the meaning of Section 667.5(b) PC, this factor cannot be used to aggravate this sentencing.

*(5)   The defendant's prior performance on probation was unsatisfactory.*

The defendant's record reflects prior grants of probation and parole were revoked.   His probation/parole performance was unsatisfactory; although he was, according to his own report, able to successfully complete parole.

/////

/////

/////

/////

/////

-17-

COURT _____
D.A _____
P.D _____
ATTY. _____
SEN. JUDGE _____
PARENT _____

## RULE 423 – CIRCUMSTANCES IN MITIGATION:

### (a)   Facts relating to the crime:

None.

### (b)   Facts relating to the defendant:

None.

## RULE 424 – CONSIDERATION OF APPLICABILITY OF SECTION 654 PC:

It appears that the felony violations in COUNTS ONE and TWO arise from the same facts and involve the same information and conduct.  Therefore, it appears that Section 654 PC would apply requiring a stay of imposition of sentence on one of these two counts.  However, the felony violation in COUNT THREE and the misdemeanor violations in COUNTS FOUR and FIVE arise from separate sets of facts involving different conduct and information.  Therefore, Section 654 PC does not appear to apply in the sentencing of these counts.

/////

/////

/////

/////

/////

/////

/////

/////

-18-

COURT _____
D.A. _____
P.D. _____
ATTY. _____
SEN. JUDGE ____
PARENT _____

**RULE 425 – CRITERIA FOR CONCURRENT OR CONSECUTIVE SENTENCING:**

    (a)  **Facts relating to the crime, including whether or not:**

        *(1) The crimes and their objectives were predominantly independent of each other.*

    While the conduct in COUNTS ONE and TWO, appear predominately depended upon each other and involve a Section 654 PC issue, the conduct in COUNT THREE involves a separate objective and different facts.  Therefore, consecutive sentencing for the felony violation in COUNT THREE appears appropriate and is recommended.

    Although consecutive sentencing for the two misdemeanor violations in COUNTS FOUR and FIVE would be permissible by law, concurrent sentencing will be recommended for those counts.

**ALTERNATIVE SENTENCING:**

    Due to the mandated disposition in this matter, Community Service and Alternative Sentencing were not discussed.

**TIME SERVED CREDITS - Section 2900.5/ 4019 PC:**

    The defendant was in custody in this case as follows:

| Facility | Dates From | To | Actual Days Served | Case Law Credit | Total |
|----------|------------|-----|--------|--------|-------|
| Placer Co. Jail | 03-02-00 | 08-25-00 | 177 | 88 | 265 |
| ///// | | | | | |
| ///// | | | | | |

-19-

PLACER COUNTY
PROBATION DEPARTMENT

COURT _____
D.A. _____
P.D. _____
ATTY. _____
SEN. JUDGE ___
PARENT _____

**EVALUATION**:

1

2

3

4    Appearing before the Court for sentencing is DENNIS ROY

5 PETERSON, age 45, having been found guilty by Jury Trial of

6 violating Sections 11351, 11350(a) and 11366 H&S Code, felonies,

and 11550(a) H&S Code and 4140 Business and Professions Code,

7 misdemeanors.  Additionally, PETERSON admitted allegations within

8 the meanings of Sections 1170.12 (a) through (d) and 667(b)

9 through (i), 667.5(b) and 1203(e)(4) PC.  In these offenses, the

10 defendant was found in possession of, and under the influence of,

11 cocaine and evidence showed that he had been involved in the

12 sales of that substance.  It appears the defendant's conduct was

13 motivated by his acknowledged drug addiction and by personal

14 gain.

15    Because of the allegations the defendant has admitted in

16 conjunction with his convictions in this matter, he is

17 statutorily ineligible for probation pursuant to Sections 1170

18 and 667 PC.  Additionally, PETERSON is also presumptively

19 ineligible for probation pursuant to Section 1203(e)(4) PC,

20 unless the Court deems this case unusual.  As previously noted in

21 this report, it does not appear to serve any purpose for the

22 Court to find this case unusual and, indeed, there are no facts

23 which appear to apply for that purpose.

24

25 /////

26 /////

27

-20-

PETERSON'S sentence in this matter is mandated by law.

COUNT ONE, the violation of Section 11351 H&S Code, provides the greatest range of punishment and is selected as the base term. Nonetheless, pursuant to the three strikes law, an indeterminate term of 25 years to life is mandated for this conviction.

COUNT TWO, the violation of Section 11350(a) H&S Code appears to arise from the same set of facts and conduct and, therefore, as previously discussed in this report, a stay of imposition of sentence appears appropriate pursuant to Section 654 PC. However, the violation of Section 11366 H&S Code in COUNT THREE, arises from separate facts and conduct and should be sentenced consecutively.  Pursuant to Sections 1170 and 667 PC, a consecutive indeterminate term of 25 years to life is mandated. The misdemeanor violations in COUNTS FOUR and FIVE are subject to local confinement with a maximum term of one year in COUNT FOUR and six-months in COUNT FIVE.  Concurrent sentencing for these counts is recommended.  The allegation within the meaning of Section 667.5(b) PC mandates a determinate term of one-year to be served in addition to, and consecutive to, any other term ordered.  Therefore, an indeterminate term of 50 years to life is recommended together with a determinate term of 1 year in the California Department of Corrections.

/////

/////

-21-

Notwithstanding the defendant's acknowledged and admitted drug addiction, his conviction in these matters, together with his admitted allegations, prohibit confinement in any other facility than California Department of Corrections. Therefore, a commitment to the California Rehabilitation Center is not considered.

| Base Term | Range | Impose |
|---|---|---|
| CT: 01, 11351 H&S | 25 years to life | 25 years to life |
| CT: 02, 11350(a) H&S | 25 years to life | 25 years to life (stayed per 654 PC) |
| CT: 03, 11366 H&S | 25 years to life | 25 years to life (c/s mandated) |
| CT: 04, 11550(a) H&S | 1 year (local) | 1 year (c/c) |
| CT: 05, 4140 B&P | 6 months (local) | 6 months (c/c) |

**Allegation**

| | | |
|---|---|---|
| 667.5(b) PC | 1 year (c/s mandated) | 1 year (c/s mandated) |

**Indeterminate:**  50 years to life
**Determinate:**  1 year

**COURT INDICATION:**

None.

/////

/////

/////

/////

-22-

COURT _____
D.A _____
P.D _____
ATTY. _____
SEN. JUDGE _____
PARENT _____

**RECOMMENDATION:**

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** probation be denied, and DENNIS ROY PETERSON be committed to the Department of Corrections for the indeterminate term of 50 years to life plus consecutive determinate term of 1 year; with credit for time served of 265 days (177 actual/88 conduct).

**IT IS FURTHER RECOMMENDED** the defendant pay a RESTITUTION FINE to the State Restitution Fund in the amount of $1,000, through and at a rate to be determined by the Placer County Revenue Services Division. (1202.4(b)PC)

**IT IS FURTHER RECOMMENDED** the defendant pay an additional RESTITUTION FINE in the amount of $1,000. This additional RESTITUTION FINE shall be suspended unless the person's parole is revoked. (1202.45 PC)

Respectfully submitted,

NORMAN MILLER
Deputy Probation Officer

NM/bj
August 21, 2000
/////

/////

/////

/////

-23-

PLACER COUNTY
PROBATION DEPARTMENT

Approved by:

DAVID MCMANUS
Senior Deputy Probation Officer

> I have read and considered the foregoing report and
> recommendation of the Probation Officer.

**JAMES L. ROEDER**

JUDGE OF THE ABOVE ENTITLED COURT



-24-

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA          )
                             ) SS
County of _SACRAMENTO_       )

[C.C.C. §§446, 2015.5; 28 U.S.C. §1746]


I, _Dennis Ray Peterson_____, am a resident of the State of California and am over the age of eighteen years and am not a party to the above action. My address is listed below.


On _11-4-24_____, I served the following documents:


by placing a true copy thereof enclosed in a sealed envelope with First Class postage thereon fully prepaid in the United States mail by delivering to prison officials for processing through the Institution's internal legal mail system at Ione, California, addressed as follows:


I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed in the County of Amador, California on _11-4-24_____.

_Mule Creek State Prison_
_P O Box 409090_
_Ione, CA 95640_____.

_Dennis Roy Peterson_


Pursuant to the holding of the United States Supreme Court in Houston v Lack 108 S.Ct. 2379, 487 U.S. 266, 101 L.Ed.2d 245 (1988) and FRAP, Rule 4(c) inmate legal documents are deemed filed on the day they are delivered to prison staff for processing and mailing vial the Institution's internal legal mail procedures.