UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS ROY PETERSON,<br><br>Petitioner,<br><br>v.<br><br>THIRD APPELLATE DISTRICT COURT,[1]<br><br>Respondent. | No. 2:24-cv-03103-EFB (HC)<br><br>ORDER |

Petitioner is a former state prisoner proceeding pro se. He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. In addition, he has requested leave to proceed in forma pauperis. ECF No. 7.

Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

---

[1] Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *Ortiz-Sandoval v. Gomez,* 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). The proper respondent in federal habeas proceedings is one who "has the power to order the petitioner's release." *Smith v. Idaho*, 392 F.3d 350, 355, n.3 (9th Cir. 2004). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Ortiz-Sandoval*, 81 F.3d at 894 (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note). Should petitioner file an amended petition, he must name a proper respondent.

1

Petitioner appears to make two claims arising from unidentified proceedings in the state trial court. First, petitioner alleges that the District Attorney "pulled a fast one by telling the court my third strike was for a sexually violent crime." ECF No. 1 at 2. Second, petitioner alleges deficient performance by his public defender. *Id.* Petitioner alleges that his counsel failed to fully inform petitioner of his rights, "sent one note on scratch paper," ignored petitioner's instructions "not to let the DA change my sentence other than 1172.75 resentencing to reduce my sentence not to enhance it to habitual criminal," and "failed to do any fact finding at all." *Id.* at 4.

From the attachments to the petition, it appears that petitioner challenges resentencing proceedings from 2022. *Id.* at 5. It further appears that petitioner was originally sentenced in 2000. *Id.* at 19. A search of the California Supreme Court's Case Information system under "Dennis Roy Peterson" and "Dennis Peterson" reveals that no direct appeal or habeas petition has been filed in that court regarding the 2022 resentencing. California Courts Appellate Case Information, https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0&input (last checked September 19, 2025).

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition "shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c), Rules Governing Section 2254 Cases. Petitioner must also clearly state the relief sought in the petition. *Id.* Additionally, the Advisory Committee Notes to Rule 4 explains that "notice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." Advisory Committee Notes to Rule 4; *see Blackledge v. Allison*, 431 U.S. 63, 75, n.7 (1977).

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."

Here, petitioner has not stated facts pointing to a real possibility of constitutional error. His first claim appears to rest on the alleged misapplication of state sentencing law. But federal habeas relief is unavailable for errors of state law. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). To

the extent that petitioner alleges that a sentence of 24 years' incarceration for selling cocaine constitutes cruel and unusual punishment, that claim fails. *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003) (affirming a sentence of 50 years to life for two counts of petty theft with enhancements due to prior conviction).

Petitioner's second claim is also insufficiently pleaded. The Supreme Court has enunciated the standards for judging ineffective assistance of counsel claims. *Strickland v. Washington*, 466 U.S. 668 (1984). First, a defendant must show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. To this end, the defendant must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment. *Id*. at 690. Second, a defendant must affirmatively prove prejudice. *Id*. at 693. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id*. *See also United States v. Murray*, 751 F.2d 1528, 1535 (9th Cir. 1985); *United States v. Schaflander*, 743 F.2d 714, 717 718 (9th Cir. 1984)(per curiam). The petition does not allege enough facts to show that petitioner's attorney's acts or omissions were not the result of reasonable professional judgment and caused petitioner prejudice.

Further, as petitioner has initiated no proceedings in the California Supreme Court since the resentencing proceeding in 2022, it appears that he has not exhausted his state court remedies. A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). A state will not be deemed to have waived the exhaustion requirement unless the state, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3). Exhaustion of state remedies requires that petitioners fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted). The case information website for the California Supreme

Court lists only two cases initiated by petitioner – a petition for review that was denied in 2001 and a habeas petition that was denied in 2003.

Lastly, petitioner has submitted a change of address indicating that he has been released from prison. ECF Nos. 7, 8. Release from prison generally renders a habeas petition moot, because the court can no longer provide the relief (release from prison) sought by the petitioner. *Picrin-Peron v. Rison*, 930 F.2d 773, 995-76 (9th Cir. 1991). Here, petitioner challenges the duration of his sentence and does not seek relief other than release (such as expungement of a criminal record). ECF No. 1 at 4. It thus appears that the petition is now moot.

Therefore, the petition is dismissed with leave to amend. Rule 4, Rules Governing Section 2254 Cases. In the amended petition, petitioner must set forth each claim for relief and *summarize the facts he alleges support each of the identified claims*. He must also allege that he has exhausted his state court remedies and provide facts from which the court can conclude that the petition is not moot.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 6) is GRANTED; and
2. The petition is dismissed without prejudice and with leave to amend within 30 days of the date of this order.

Dated: November 10, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4